L. C. GRACY, *Appellant*, v. THOMAS W. FIELDING, MRS. JOHN E. BRADLEY, WIDOW, MRS. R. F. BRADLEY AND HER HUSBAND R. F. BRADLEY, *Appellees.*

Opinion Filed March 18, 1922.

1. In a chancery cause where, because of facts which developed after the suit was begun, certain relief is desirable but is not applicable either to the case made by the original bill or the facts in existence when the original bill was filed, a supplemental bill should be filed, after leave obtained, setting forth the facts occurring subsequently to the filing of the original bill upon which the certain relief is desired.

2. A pleading in a cause after filing becomes a part of the record, a court document. It should not be altered, amended or destroyed without permission of the court upon due notice to the opposite party and should be kept by the clerk in the files of his office.

3. An interlineation of a prayer for injunction in a bill of complaint which is made without notice to the opposite party and without leave to the court is an unauthorized and invalid act and a violation of the rules of court.

An Appeal from the Circuit Court for Alachua County; B. A. Thrasher, Judge.

Reversed.

*Hampton & Hampton,* for Appellant.

*W. S. Broome,* for Appellees.

ELLIS, J.—This is an appeal from two orders, one denying a motion made in the alternative to dismiss an amended bill in chancery for the removal of an alleged cloud upon

the title to certain lands, because of certain unauthorized material alterations made by the complainant in the bill by way of interlineations, or to strike such interlineations from the bill; the other order was one granting a tempo- rary injunction as prayed for in the bill, restraining the defendant and his agents from cutting, boxing or removing the trees from the lands from the title to which the alleged cloud was sought to be removed.

In April, 1916, Thomas W. Fielding and others brought their bill in chancery against L. C. Gracy to cancel certain deeds which were alleged to be a cloud upon the complain- ant's title to the lands described. The lands were alleged to be wild, unimproved, unoccupied and uncultivated.'' The bill contained no prayer for an injunction to restrain trespass, but contained a prayer for the cancellation of the deeds mentioned and general relief.

The defendant, Gracy, answered the bill denying that the lands were wild, unoccupied and uncultivated, but averring that he was in actual possession of the lands claiming title thereto adversely to all persons at the time the original bill was filed.

A motion was made to strike that portion of the answer which motion was denied.

Nearly five years later the complainant by his solicitor served defendant with notice of his intention to move the court for an injunction to restrain the defendant from cutting and removing the timber from the lands described in the bill.

The defendant by his solicitor then made the motion in the alternative which was denied. The order upon the motion being one of the orders from which the appeal was taken.

Omitting the title and venue the motion was as follows: "The complainants and their solicitors will take notice that on Thursday, the 10th day of February, A. D. 1921, at ten (10) o'clock A. M. of said day, or as soon thereafter as counsel can be heard, the defendant by his solicitors will move before Hon. B. A. Thrasher, Judge of said Court, at his office at Gainesville, Florida, to dismiss the Amended Bill in this cause because the same has been materially altered since the filing of said bill and since the filing of the answer thereto, by adding with a pen on the 27th line of the 4th page of said bill between the words "for" and "May," the following interlineation, to-wit· "That a temporary injunction do issue restraining L. C. Gracy, or his agents, servants and employes from cutting, boxing or removing the trees and timber on the lands and from trespassing thereon or in anywise interfering with the trees or timber thereon."

2nd: Or, should the court decline to dismiss the bill, then counsel for the defendant will move the court to strike from the said bill the addition or alteration thereof made therein since the filing of the bill and since the filing of the answer thereto, on the 27th line of the 4th page of said bill between the words "for" and "May," the interlineation of the following words, to-wit: 'That a temporary injunction do issue restraining L. C. Gracy, or his agents, servants and employes from cutting, boxing or removing the trees and timber on the lands and from trespassing thereon or in anywise interfering with the trees or timber thereon." Said alteration or addition having been made without any authority of the court, without notice to counsel for defendant, and without serving defendant or his counsel with a copy thereof.

And counsel for defendant will then and there present

and exhibit to the court the copy of the said amended bill served upon counsel for the defendant by the complainants.''

In support of the motion a copy of the bill which was an amended one, a copy of which had been delivered to defendant's solicitor when filed five years before, was submitted and affidavits of defendant's solicitors that the interlineation was made after filing the amended bill and without the knowledge or consent of defendant's solicitors and without any order of court authorizing the same. An affidavit was filed by complainant's solicitor to the effect that at the time of filing the original bill there were nine other bills in chancery filed by himself and others against the defendant Gracy and others involving the title to about four thousand acres of land, that during April and May, 1916, complainant amended all the bills so as to more fully present the facts, and that each of the amended bills except the one in this case contained a prayer for a temporary injunction, that a like prayer was omitted from the bill in this case through mistake. That the complainant applied to Judge James T. Wills, then judge of the Circuit Court for leave to amend the prayer by ''writing in the prayer thereof a prayer for a temporary injunction; and the said Judge, upon examination of said bill, and finding that no allegation in the same would be changed and no allegation to the same be added by allowing an amendment by inserting a prayer therein for a temporary injunction, thereupon allowed complainant to amend the prayer of said amended bill by writing therein, *nunc-pro-tunc*, a prayer for a temporary injunction.''

Judge Wills had departed this life, so it was stated at the oral argument of this case, when the motion was made to dismiss the bill or eliminate the interlineation.

The petition which was filed for injunction in February, 1921, alleged that the defendant, Gracy, had not at any time since the filing of the original attempted to cut the timber on the lands or cup the trees for turpentine purposes until January, 1921, during which month he entered upon the lands and began cutting the trees. No such allegation was contained in the amended bill, nor was there any basis in the allegations of the bill upon which to rest a prayer for injunction to restrain the trespass or injury to the lands.

The relief sought by the original and amended bills was the removal of a cloud from the complainant's title to the lands which were alleged to be wild, unimproved and unoccupied. The answer denied that allegation and averred that the defendant at the time of filing the original and amended bills he was in the actual possession of the lands under color of title claiming them adversely to the complainants whose ownership was denied.

The petition filed when the application was made for a temporary injunction therefore was in the nature of a supplemental bill because it contained the only allegation which could form the basis of a prayer for an injunction to restrain the trespass complained of, but which prayer was nevertheless inserted by interlineation in the amended bill. The facts alleged in the petition occurred after the filing of the amended bill. The prayer which was interlined in the amended bill therefore had no application either to the case made by the bill or the facts then in existence. Nor could the facts upon which the injunction was sought have been incorporated in the bill by amendment. See Ledwith v. City of Jacksonville, 32 Fla. 1, 13 South. Rep. 454.

What occurred therefore was the following: A prayer which was not applicable to the allegations of the bill nor to the facts in existence at the time the bill was filed, was without authority of law and in derogation of rules of court as to notice and without any written order from the judge inserted in the bill about five years after it had been filed, a petition was then filed for an injunction in accordance with the prayer which had no relation to the allegations of the bill, and facts were alleged in the petition which could have been introduced into the record by a supplemental bill only, such alleged facts constituting the only basis for the prayer which had unlawfully been inserted in the amended bill, and this petition was filed without notice of application for leave to file, indeed without leave to file.

To say that such practice is justified by no precedent in the decisions of this court and by few if any instances in any system established for the orderly administration of justice is to make a statement which we believe to be well within the limitations of accurate and truthful speech.

When a pleading in a cause pending has been filed it becomes a part of the record in the cause, a court document. The statute provides that such papers may not be removed from the clerk's office without leave of the court. The allegations or averments of fact which such papers contain constitute part of the ground work and basis upon which justice is to be administered in that cause between the parties. It is not to be altered, amended or destroyed without permission of the court upon due notice to the opposite party. See Rules 41, 42, 43, Equity Actions; International Kaolin Co. v. Vause, 55 Fla. 641, 46 South. Rep. 3; Sec. 1830 General Statutes of Florida, Florida Compiled Laws; Sec. 3075, Revised General Statutes.

The interlineation of the prayer for injunction if made without permission from the court was unauthorized, invalid and a violation of the rules of court, the consequences of which if generally practiced would destroy the integrity of court records.

If it was made by permission of the court it was without notice to counsel, and the order authorizing it was void. It was an order which the court would ordinarily not have made without notice, because it was utterly in violation of the court rules.

It needs no citation of authority to prove that justice cannot be administered between man and man when reasonable rules for its orderly administration are ignored and violated and when records are altered and amended without notice to the opposite party or leave of the court to meet the varying conditions as they arise.

The motion to eliminate the interlined prayer should have been granted, it was error to have denied the motion. The injunction was therefore improperly granted and both orders are hereby reversed.

Since taking the appeal, solicitor for appellant applied to the court for an order dissolving the injunction, which application was granted, the injunction dissolved and complainant granted leave to amend his bill or file a supplemental one. Thus every object of the appeal was attained by the court's order within a month after the transcript was filed in this cause and two weeks before counsel for appellant filed their brief.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.