LAKE MABEL DEVELOPMENT CORPORATION, a Corporation, *Appellant,* v. H. W. BIRD, substituted for W. H. MAR-SHALL, *Appellee.*

Opinion filed February 3, 1930.

En Banc.

Petition for rehearing denied May 15, 1930.

*Walsh, Beckham, Farley & Ellis,* for Appellant;

*McCune, Casey, Hiaasen & Fleming,* for Appellees.

MATHEWS, Commissioner:

This is a suit to foreclose a mortgage on lands in Broward County. The bill of complaint is in the usual form. The indebtedness, payment of which is secured by the mortgage is evidenced by promissory notes dated September 15, 1925, payable to the order of complainant, W. H. Marshall. The notes are to evidence a balance of purchase price of the lands described in the mortgage.

The parties are given in this opinion the same designation that they bore in the court below.

The answer admitted the making of the mortgage and failure to make payments as therein agreed, and averred among other things that complainant and three other promoters organized defendant corporation and caused the mortgaged lands to be conveyed to defendant, and said promoters, including complainant, made a theoretical profit of $1,250.00 per acre, represented by stock in defendant corporation, divided one-fourth each between them, thereby giving them a substantial benefit and large advantage as stockholders. The answer also averred that in selling the lands to defendant, complainant represented the lands fronted on the golf course, which was false and known to complainant to be false and upon said representation defendant relied to its injury and that a strip of land intervened between the mortgaged lands and said golf

course, which was fine residential property, the key to the situation, and but for the belief that said lands fronted upon and adjoined said golf course defendant would not have entered into the transaction, nor taken the deed from complainant, nor given anything in payment for said lands in cash, stock, notes or mortgage and that defendant did not learn of the intervening strip between the golf course and said mortgaged lands until after execution and delivery of the mortgage and notes sued on.

An order was made striking parts and portions of the answer, including the part or portion relating to the promoters taking stock as theoretical profit to the extent of $1,250.00 per acre, and the alleged fraudulent misrepresentation of complainant that the mortgaged lands fronted on the golf course. Leave was granted to file an amended answer.

Complainant moved to strike the amended answer. While this motion was pending, H. W. Bird, on the 8th day of July, 1927, filed a petition, with certified copy of mortgage assignment attached, setting forth that on May 25, 1927, complainant did assign, transfer, negotiate and endorse to him, the mortgage and notes described in the bill of complaint, that he had become the assignee of complainant's cause of action and prayed to be substituted as party complainant, and that he be allowed to proceed as though he was the original complainant.

On July 8, 1927, the court made an order reciting that the notes and mortgages sought to be foreclosed had been assigned to H. W. Bird, and substituted H. W. Bird as complainant instead of W. H. Marshall, and further ordered that the cause proceed to final decree with H. W. Bird, as substituted complainant. This order was duly recorded. The order of substitution contains no rule on the defendant to answer the matters set forth in the petition.

On the 17th day of August, 1927, after notice to defendant and hearing had, the court struck the amended answer and entered a decree *pro confesso* against the defendant.

On the 29th day of August, 1927, the court entered final decree in the usual form in favor of the substituted complainant for the principal amount secured by the mortgage, with interest, and appointed a special master to make sale of the mortgaged property.

On September 15, 1927, while the property was being advertised for sale by the master, the defendant petitioned the court for a rehearing, setting forth in its petition that the order substituting H. W. Bird, as complainant, was made without notice and that its defense against the original complainant had thereby become interfered with and further complained in said petition that the court erred in striking the amended answer and in entering decree *pro confesso*. None of the matters set forth in the petition appear to have been verified by oath. The petition for rehearing was denied by the court on September 15, 1927. The order denying the rehearing was not filed with the clerk or recorded until November 8, 1927.

The master reported that on the rule day in October, 1927, he sold the mortgaged property to the substituted complainant, H. W. Bird, for $65,000.00 cash. Whereupon the sale was confirmed and the master ordered to execute and deliver the usual master's deed of conveyance to the purchaser, and thereafter upon the coming in of the master's report of disbursements a deficiency judgment was entered against the defendant in favor of the substituted complainant.

Defendant appeals from the final decree, and assigns as error, striking of parts of the original answer, and striking the amended answer including the plea incorporated

therein. The amended answer contains substantially the same averments as the original answer, there being nothing material in the amended answer, not presented in the original answer. There was no error committed in striking that part of the answer averring that complainant and three other promoters had made a theoretical profit of $1,250.00 per acre for which they received stock in the defendant corporation. There is no averment in the pleadings or showing made by the record that any stock was ever issued or sold by the corporation to the public.

A corporation cannot, while its promoters own all its outstanding stock, avoid in equity a purchase of property sold to it by its promoters at a large profit, represented by stock of the corporation issued to such promoters, since the corporation thus has full knowledge of the facts and the rights of innocent purchasers of stock have not arisen. Old Dominion Copper Mining & Smelting Company v. Lewisohn, 210 U. S. 206, 52 L. Ed. 1025.

It was not error to strike that portion of the answer relating to misrepresentation as to the mortgaged lands fronting on the golf course, and the defendant's reliance thereon and consequent injury, it appearing that defendant, shortly after closing the deal, learned that the lands purchased did not front on the golf course and it not appearing that defendant, upon learning of the alleged misrepresentations, promptly announced its intention to rescind the entire transaction and adhered to it.

Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he be silent and continue to treat the property as his own, he will be held to have waived the objection and will be as conclusively bound by the contract, as if the mistake or fraud had not occurred. He is not permitted to play fast

and loose. Delay and vacillation are fatal to the right which had before subsisted. Grymes v. Sanders, 93 U. S. 55; 23 Law Ed. 798.

It was not error to strike the plea incorporated in the amended answer of defendant, as it was not verified by oath, and was not certified to by counsel as being, in his opinion, well founded in law. Trower v. Bernard, 37 Fla. 226, 20 So. R. 241; Equity Rule 48.

No error was committed in striking the amended answer as it contained no denial of any of the material allegations of the bill and failed to set up any substantial defence in the case. So. F. C. Co. v. F. T. C. Co., 79 Fla. 376, 84 So. R. 171.

Defendant assigns as error order of court substituting H. W. Bird as complainant upon petition, and hearing had without notice. A purchaser of a note and mortgage pending its foreclosure, in order to continue the action in his name as the real owner, should bring himself forward in the suit, not by petition, but by supplemental bill. Equity Rule No. 39. Doke v. Williams, 45 Fla. 248, 34 So. R. 569; Hull v. Burr, 64 Fla. 83, 59 So. R. 787; Gracy v. Fielding, 83 Fla. 388, 91 So. R. 373; 21 C. J. 543.

Defendant has not presented any matters which would constitute a defense to the foreclosure. In the petition for rehearing, defendant does not question the validity of the assignment to the substituted complainant and defendant has offered no substantial defense as against the original complainant or substituted complainant which does not appear to have been waived.

Errors committed herein being errors of pleading or procedure and it appearing from an examination of the entire case that such errors have not resulted in a miscarriage of justice, the case will be affirmed. Comp. Gen. Laws (1927), Sec. 4499; Rev. Gen. Stats., Sec. 2812; Johnson v. Vining, 96 Fla. 304, 118 So. R. 476.

Affirmed.

Per Curiam.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below be, and the same is hereby, affirmed.

Terrell, C. J., and Whitfield, Ellis, Strum, Brown and Buford, J. J., concur.

Lake Mabel Development Corporation, a Corporation, *Appellant*, v. H. W. Bird, substituted for W. H. Marshall, Appellee.

*Walsh, Beckham, Farley & Ellis*, for Appellant;