102 So.2d 139 (1958)
ROOD COMPANY, Inc., a corporation, Appellant,
v.
The BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, Florida, Appellee.
Supreme Court of Florida.
April 9, 1958.
Rehearing Denied May 7, 1958.
*140 Myers, Heiman & Kaplan, Miami, and Irwin E. Kott, Miami Beach, for appellant.
Boardman & Bolles and Marshall J. Langer, Miami, for appellee.
O'CONNELL, Justice.
The appellant, plaintiff below, Rood Company, Inc., brought an action against the appellee, defendant below, seeking rescission of a contract for sale of land and a deed executed pursuant to said contract under which certain lands were conveyed by plaintiff to defendant. In the alternative plaintiff sought to require the defendant to pay for the cost of fill which plaintiff placed on the land in question pursuant to requirements of Dade County.
From a summary decree in favor of the defendant, The Board of Public Instruction of Dade County, Florida, the plaintiff has appealed.
The pertinent facts, taken from the pleadings, attached exhibits, and affidavits, are recited below.
On August 14, 1953, defendant entered into a deposit receipt agreement with Rood Construction Corporation, wherein the latter, as seller, agreed to sell to the defendant a parcel of land containing 9.26 acres more or less at $1,300 per acre. This parcel was a part of a larger tract of land which the seller proposed to subdivide as "Myrtle Grove". The agreement provided that the seller would, prior to conveying said land to defendant, cause the plat of "Myrtle Grove" to be placed of record, said plat to contain thereon a notation as to the net acreage, i.e. exclusive of dedicated streets and alleys, contained in the parcel to be conveyed to defendant. The contract provided that the sale price of $1,300 per acre would be net to seller, except that seller would pay "past due taxes" and "certified liens".
On December 31, 1953, the above contract was assigned by Rood Construction Corporation to Rood Company, Inc., the plaintiff below and appellant here.
On February 17, 1954, the plaintiff caused the plat of "Myrtle Grove" subdivision to be recorded in Dade County, the parcel of land in question being shown thereon as "Tract B", with notation of the acreage contained therein.
Plaintiff in its complaint and in the affidavit of Nathan B. Rood, an officer of both Rood corporations above-mentioned, which affidavit was filed in opposition to defendant's motion for summary decree, stated: that as a prerequisite to the recordation of the plat of "Myrtle Grove" as required by the deposit receipt agreement, the plaintiff was required by Dade County to, and that it did, enter into an agreement with the county whereunder the plaintiff among other things agreed to fill "Myrtle Grove" subdivision, including the parcel being sold to the defendant, to an elevation of seven feet. To guarantee the performance of that agreement the plaintiff executed a bond in the penal sum of $157,736.28. Both the agreement and the bond bear the date of February 9, 1954.
Nine months later, on November 9, 1954, the plaintiff delivered to the defendant a warranty deed conveying the land in question and defendant paid to plaintiff the balance of the purchase price due under the deposit receipt agreement.
On January 19, 1955, defendant made written demand that plaintiff fill the lands to an elevation of seven feet, basing its demand on the above-mentioned contract which plaintiff had entered into with Dade County. Plaintiff alleged that this letter was the first indication that it had that the defendant expected plaintiff to fill the lands.
*141 On June 28, 1955, the County Commission of Dade County gave notice to plaintiff to fill the school site within 30 days or forfeit its bond.
On July 11, 1955, plaintiff tendered to defendant the purchase price of the land in question and asked that the transaction be cancelled and the lands reconveyed to plaintiff. Defendant refused to reconvey and the instant suit was filed on August 10, 1955.
In its complaint plaintiff states that at the time the suit was filed it was then engaging in filling the subject lands because it was required to do so under its agreement with Dade County. In its brief plaintiff reasserts that the filling is being done "Because of the * * * contractual agreement with Dade County, Florida, * * * and not because of any agreement with defendant."
In its complaint, in the affidavit filed by it, and in its briefs the plaintiff asserts, in the alternative, that both plaintiff and defendant, or that certainly plaintiff itself, intended to convey the lands only in the condition as they existed at the time of execution of the deposit receipt and that it was not intended that the plaintiff fill said lands. Plaintiff argues that the price per acre set in the deposit receipt agreement was the cost of said land to it, that the cost of filling said land will exceed $25,000 and therefore unless the transaction be rescinded or defendant be required to pay the cost of the fill defendant will have been unjustly enriched at the expense of plaintiff in that defendant will have received land which cost plaintiff approximately $37,000 for a price of only $12,038.
In support of the summary final decree the defendant School Board in essence contends before us that even if the plaintiff had a right to rescind the contract it waived that right. Defendant points out that plaintiff knew on February 9, 1954, that it was required to fill the land in question, and that after acquiring this knowledge plaintiff did nothing to rescind the contract, but rather proceeded to recognize it by conveying the land in question pursuant to said agreement and accepting the proceeds thereof more than nine months after it knew it was required to fill the lands.
Nowhere in the complaint or in the affidavit filed by it does the plaintiff allege or state that it in any way, prior to its written tender of rescission in July 1955, made demand for rescission or cancellation of the agreement or even discussed with defendant the matter of who was to deposit the fill on the school site, or who was to pay for it.
Plaintiff has cited many cases holding that equity will cancel or rescind because of mutual or unilateral mistake of material fact. That equity will do so in cases where the facts warrant and the party claiming relief has not waived his right thereto is unquestioned.
But it is not enough that one claiming rescission or cancellation because of mistake allege merely that there was a mistake of material fact. He must also allege facts which show that such mistake did not result solely from the want of such care and diligence on his part as are exercised by persons of reasonable prudence under like circumstances. Moore v. Wesley E. Garrison, Inc., 1942, 148 Fla. 653, 5 So.2d 259.
Further, he must allege facts which show that upon discovery of the mistake he, with reasonable promptness, denied the contract as binding upon him and that thereafter he was consistent in his course of disavowal of it. For if, after acquiring knowledge of the mistake, he either remains silent when he should speak or in any manner recognizes the contract as binding upon him, ratifies or accepts the benefits thereof, he will be held to have waived his right to rescind. Thereafter, he will be bound by the contract in the same manner as if the mistake of fact had not *142 occurred. Lake Mabel Development Corp. v. Bird, 1930, 99 Fla. 253, 126 So. 356; Hendricks v. Stark, 1930, 99 Fla. 277, 126 So. 293; Peacock Hotel, Inc. v. Shipman, 1931, 103 Fla. 633, 138 So. 44; Columbus Hotel Corp. v. Hotel Management Co., 1934, 116 Fla. 464, 156 So. 893; Farnham v. Blount, 1942, 152 Fla. 208, 11 So.2d 785. See also 5 Fla.Jur., Cancellation, etc., Sec. 43; 9 C.J., Cancellation of Instruments, Sec. 77, p. 1198, and 12 C.J.S. Cancellation of Instruments § 38, p. 996.
Rescission and cancellation are harsh remedies and therefore not favored by the courts. Courts of equity will not grant the remedy unless it clearly appears that the claimant is entitled thereto and has not by his own conduct waived his right to the relief claimed. Because of this view, this Court has held that slight circumstances indicating a purpose or intent of the claimant to waive the right will bar relief. Lang v. Horne, 1945, 156 Fla. 605, 23 So.2d 848, 852 and Bardwell v. Albertson, 1935, 120 Fla. 106, 162 So. 321, 322.
This case seems to fall squarely within the statement of law contained in the case of Hendricks v. Stark, supra, 126 So. at page 297:
"One of the most familiar applications of the rule relating to the acceptance of benefits arises in the case of contracts. It has been repeatedly held that a person by the acceptance of benefits may be estopped from questioning the validity and effect of a contract; and, where one has an election to ratify or disaffirm a conveyance, he can either claim under or against it, but he cannot do both, and having adopted one course with knowledge of the facts, he cannot afterwards pursue the other. 21 C.J. 1209-1210."
Plaintiff's unfortunate position in this transaction stems not from the terms and conditions of the deposit receipt agreement or the deed of conveyance to defendant, nor from any ambiguity therein. Nor does the plaintiff contend that there was any mistake of material fact existing either at the time of execution of the agreement or the deed. It contends only that it did not intend to fill the land while defendant, at least in January 1955, intended that it do so.
However, as we see this case the damage which plaintiff has or will suffer because of having to fill the land, arose because of its execution of the contract with Dade County in which it, not defendant, agreed to fill the land. Defendant was not a party to this contract. We are not therefore dealing with the question of defendant's right or plaintiff's obligation under the deposit receipt agreement or deed as to filling the land. As plaintiff points out it began to fill the land solely because of its obligation under the contract with the county.
Plaintiff's contention that the parties did not intend that plaintiff fill the land when it made the deposit receipt agreement in August 1953, would have made a strong case for rescission had it promptly acted to renounce the contract when it learned, in January or February 1954, that it would have to fill the lands involved here in order to record the plat. But plaintiff, by failing to act to rescind, and more emphatically by recognizing the agreement, conveying the lands thereunder and accepting the purchase price of the lands with full knowledge of its obligation to fill the lands clearly waived any right which it had to rescind. We can think of no factual situation which more readily admits the application of ratification of a contract and resulting waiver of the right to rescind than is found here. Further, plaintiff alleges no facts, other than the lack of knowledge of defendant's intention, which on equitable principles would excuse its failure to promptly act to rescind.
As to plaintiff's alternative prayer for a decree requiring the defendant to reimburse it for the cost of the fill, we have been furnished no citation of authorities which under the facts of this case would entitle it to such relief and we know of no theory of law which would support such a decree.
*143 Plaintiff has called our attention to cases holding that a summary final decree should never be entered as long as there remains undisposed of any dispute as to material facts. We recognize this rule and adhere to it. But as stated in City of Anna Maria v. Hackney, Fla. 1954, 75 So.2d 693, where every material fact essential to a final decree in favor of one party is either admitted by his adversary's pleadings or is established by a proper construction of all the pleadings, depositions, admissions, and affidavits on file, a summary final decree should be entered.
In this case it is clear from the pleadings, exhibits and affidavits that the plaintiff ratified the deposit receipt agreement involved herein, after receiving full knowledge of the facts which caused it the injury, and that it thereby waived any right which it may have had to rescind the contract.
Accordingly the summary final decree is affirmed.
TERRELL, C.J., and THOMAS, HOBSON and THORNAL, JJ., concur.