161 So.2d 569 (1964)
MID-STATE HOMES, INC., a Florida corporation, Appellant,
v.
James STAINES and Anna Staines, his wife, Appellees.
No. 4078.
District Court of Appeal of Florida. Second District.
February 26, 1964.
Harry M. Hobbs, Tampa, for appellant.
Walter Warren, Leesburg, for appellees.
REVELS, P.B., Associate Judge.
The plaintiff filed suit to foreclose agreement for deed on a house and lot alleging it sold said property to the defendants for the total sum of $7490.00 payable at $62.00 per month and by virtue thereof the defendants took possession and occupied the property; thereafter defendants defaulted in the monthly payment in April 1962; and the remaining unpaid balance is the sum of $7092.00. Defendants answered admitting they are presently living on said property and refuse to allow the plaintiff to re-enter and take possession; they admit the payments to be $62.00 per month, and have failed to make the payments as alleged, but dispute the amount of indebtedness and allege they understood the sales price to be $4200.00, plus closing costs and interest, and allege said amount was left blank at the time they signed the agreement and the plaintiff inserted the larger amount later and furnished them a copy of said agreement; they admit that after receiving a copy of said agreement for deed with the sales price in the sum of $7490.00 they continued to make several payments and took no steps to correct or change said agreement for deed because of mistake or fraud.
*570 The defendants filed counterclaim with their answer alleging plaintiff attempted to exact a sum of money representing interest in excess of 25% of the original principal sum agreed upon and thereby, as a matter of law, forfeited the entire principal and interest due from the defendants to the plaintiff and praying for the entry of a decree requiring the plaintiff to convey said real property to the defendants clear of all encumbrances because it was usurious; the plaintiff as counter-defendant answered said counterclaim denying the allegations thereof and praying the matter be heard and determined upon the issues raised by the counterclaim and to dismiss the counterclaim.
The undisputed facts of the case show the plaintiff had constructed the house on a parcel of land for another person and had repossessed the same, was offering it for sale and the defendants purchased the house and lot on terms payable at the rate of $62.00 per month; the only question in dispute is the total amount of money to be charged the defendants for the property; thereafter the chancellor below entered a final decree denying plaintiff relief, and granted defendants' prayer for relief, and ordered the plaintiff to convey to the defendants free and clear of all encumbrances, except for taxes subsequent to 1960, the property described in said agreement for deed and assessed the costs of the case against the plaintiff.
The defendants made several payments on the agreement after they were aware of the amount shown on the face of same and took no action to have it rectified. If they had reason to believe it was not correct the burden was upon the defendants to raise the point regarding the amount on the face of the agreement for deed if they thought it was a mistake or that a fraud had been committed upon them. Their failure to take immediate steps and continued payments upon the agreement for deed would constitute ratification and waiver on their part. They did not raise the question of the correctness of the total amount shown in the agreement until the plaintiff had filed suit to foreclose several months after they admit the payments went into default. Rood Company v. Board of Public Instruction, Fla., 102 So.2d 139:
"Further, he must allege facts which show that upon discovery of the mistake he, with reasonable promptness, denied the contract as binding upon him and that thereafter he was consistent in his course of disavowal of it. For if, after acquiring knowledge of the mistake, he either remains silent when he should speak or in any manner recognizes the contract as binding upon him, ratifies or accepts the benefits thereof, he will be held to have waived his right to rescind. Thereafter, he will be bound by the contract in the same manner as if the mistake of fact had not occurred. * * *
"Rescission and cancellation are harsh remedies and therefore not favored by the courts. Courts of equity will not grant the remedy unless it clearly appears that the claimant is entitled thereto and has not by his own conduct waived his right to the relief claimed. Because of this view, this Court had held that slight circumstances indicating a purpose or intent of the claimant to waive the right will bar relief."
Further, in the case of Lake Mabel Development Corp. v. Bird, 99 Fla. 253, 126 So. 356:
"Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he be silent and continue to treat the property as his own, he will be held to have waived the objection, and will be as conclusively bound by the contract as if the mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted."
*571 It has been held by the appellate courts of this State that the usury laws of Florida apply only to a loan of money, or to the forbearance of a debt and that it does not apply to the sale of property on credit. The facts are not in dispute and are admitted by all parties that the transaction involved here was a sale of a house and lot, payable at the rate of $62.00 per month with the total amount of $7490.00 shown in the agreement for deed when a copy was delivered to the defendants. The amount stated in the agreement at the time copy was delivered to defendants became the controlling figure; it is not usury and it does not violate the usury laws of Florida. In the case of Davidson v. Davis, 59 Fla. 476, 52 So. 139, 28 L.R.A.,N.S., 102, the Supreme Court of Florida said:
"The law is well settled that usury can only attach to a loan of money, or to the forbearance of a debt, and that on a contract to secure the price or value of work and labor done, or to be done, or of property sold, the contracting parties may agree upon one price if cash be paid, and upon as large an addition to the cash price as may suit themselves if credit be given; and it is wholly immaterial whether the enhanced price be ascertained by the simple addition of a lumping sum to the cash price, or by a percentage thereon. In neither case is the transaction usurious. It is neither a loan nor the forbearance of a debt, but simply the contract price of work and labor done and property sold; and the difference between cash and credit in such cases, whether 6, 10 or 20 per cent, must be left exclusively to the contract of the parties, and no amount of difference fairly agreed upon can be considered illegal."
and, in a more recent decision is the case of Dillon v. J.W. Walter, Inc., Fla.App., 98 So.2d 391:
"The defendants contend, and the chancellor below held, that the transaction here did not involve a loan of money or the forbearance of a debt, but that in the dealings between the parties the Walter Construction Company had made a cash price for one sum, $1,875, and a credit price of another sum, $2,226.72 and the usury laws are in nowise applicable."
Therefore, by applying the established law of Florida dealing with the question of usury to the admitted facts of this case we must conclude that the usury laws are not applicable, and the decree ordering the plaintiff to convey said property to the defendants, free and clear of encumbrances, is error and that there is no basis in law for declaring a forfeiture.
The defendants relied exclusively upon the alleged violation of the usury statutes as their defense and the basis for the decree. Since usury does not apply to the sale of property on time payments in an amount which is higher than the asking cash price there is no basis in law to support the decree of forfeiture of plaintiff's property as ordered, so it is necessary to reverse said decree.
Therefore, for the foregoing reasons the case is reversed with directions to grant plaintiff's prayer to dismiss defendants' counterclaim and to enter a decree of foreclosure.
Reversed.
WHITE and KANNER (Ret.), JJ., concur.