SACK, Circuit Judge.
Certiorari was granted by us to review an alleged conflict between the decision of the District Court of Appeal, Second District, in this case, reported at 185 So.2d 710, and our holding-in Davis v. Dunn, Fla., 58 So.2d 539, on the question of whether, in a land purchase transaction, where both parties have equal access to the means of verifying representations, reliance by the purchaser on the seller’s representations is justified. The facts are detailed in the District Court’s opinion.
However, before coming to the question so posed, we are confronted by the District .Court’s treatment of the defense of waiver, which it summarily disposed of in the following language:
“The appellee’s second point in defense of the decree is that the appellants’ conduct amounted to a waiver of their rights to rescind. This is an issue of fact, which is not properly resolvable on the basis of this record. The only evidence of a possible waiver is several pieces of correspondence from the appellants, which Mr. Tonkovich stated were written upon the advice of his attorney. There is also some evidence of a payment having been made at some time after the discovery of the alleged fraud, but we are unable to see how this isolated incident could be a basis for awarding summary judgment. There has not been a showing of such delay or other conduct on the part of the appellants amounting to a waiver. See 2 Pomeroy, supra, Sec. 872.”
The record does not disclose whether the trial court’s grant of a summary judgment in favor of the seller (Petitioner here) was based on the legal implications flowing from the admitted facts surrounding the representations or from its legal view of the admitted facts claimed to constitute a waiver. The District Court’s treatment of the waiver question appears perfunctory, since the record discloses that after full knowledge of the facts the purchasers demanded and received delivery of their deed to the ten acre tract, and subsequently, indeed while this very suit was pending, executed and delivered their note and mortgage covering the five acre tract, which was also affected by the same claim of fraud, and in fact paid the first instalment due on the note. Thus, we have not only the corre *440 spondence alluded to in the District Court’s opinion, but what might almost amount to an affirmative approval of the transactions. A substantial portion of the oral argument before us is revolved about this question.
Since the record on this point was not fully explored by the District Court of Appeal, the writ of certiorari is granted and this cause remanded to the District Court of Appeal for further consideration in the light of this opinion.
THORNAL, C. J., and THOMAS and DREW, JJ., concur.
CALDWELL, J., dissents.