HOBSON, Judge.
This case originally appeared before this court in an opinion reported in 185 So.2d 710. The facts are detailed in said opinion and it would serve no purpose to reiterate all of them herein. The Florida Supreme Court in an opinion reported at 196 So.2d 438 has remanded the cause to this court for further consideration in the light of that opinion.
A careful analysis of the record on appeal shows the following uncontradicted facts.. The Tonkoviches became aware on June 25, 1963 of all of the facts upon which they rely as being fraudulent representations. On June 25th and again on July 24th 1963, the Tonkoviches demanded the deed to the ten-acre tract. In addition thereto, during the period in which this suit was pending, the appellees executed and delivered their note and mortgage covering an additional five acres of grove land, which was also affected by the same alleged fraudulent representations.
A vendee of real estate who has been defrauded should assert his rights without delay. If he acquiesces in the sale with knowledge of the facts entitling him to a rescission he waives his right to rescind. 5 Fla.Jur., Cancellation, Reformation, etc. § 43.
A succinct analysis of the question of waiver was set forth by Justice O’Connell in Rood Company v. Board of Public Instruction, Fla.1958, 102 So.2d 139. In-discussing the elements necessary for rescission he emphasizes the importance of the defrauded party to immediately assert his rights.
“Further, he must allege facts which show that upon discovery of the mistake he, with reasonable promptness, denied the contract as binding upon him and that thereafter he was consistent in his course of disavowal of it. For if, after acquiring knowledge of the mistake, he either remains silent when he should speak or in any manner recognizes the contract as *581 binding upon him, ratifies or accepts the benefits thereof, he will be held to have waived his right to rescind. Thereafter, he will be bound by the contract in the same manner as if the mistake of fact had not occurred. Lake Mabel Development Corp. v. Bird, 1930, 99 Fla. 253, 126 So. 356; Hendricks v. Stark, 1930, 99 Fla. 277, 126 So. 293; Peacock Hotel, Inc. v. Shipman, 1931, 103 Fla. 633, 138 So. 44; Columbus Hotel Corp. v. Hotel Management Co., 1934, 116 Fla. 464, 156 So. 893; Farnham v. Blount, 1942, 152 Fla. 208, 11 So.2d 785. See also 5 Fla.Jur., Cancellation, etc., Sec. 43; 9 C.J., Cancellation of Instruments, Sec. 77, p. 1198, and 12 C. J.S. Cancellation of Instruments § 38, p. 996.
“Rescission and cancellation are harsh remedies and therefore not favored by the courts. Courts of equity will not grant the remedy unless it clearly appears that the claimant is entitled thereto and has not by his own conduct waived his right to the relief claimed. Because of this view, this Court has held that slight circumstances indicating a purpose or intent of the claimant to waive the right will bar'relief. Lang v. Horne, 1945, 156 Fla. 605, 23 So.2d 848, 852 and Bardwell v. Albertson, 1935, 120 Fla. 106, 162 So. 321, 322.” Rood Company v. Board of Public Instruction, supra, at 141, 142.
A similar situation occurred in the case of Mid-State Homes, Inc. v. Staines, Fla.App.1964, 161 So.2d 569, wherein a suit to foreclose an agreement for deed for the sale of real property was brought. The contract was actually usurious, a fact known by the defendant. The matter arose as a result of the execution of a blank instrument by the purchasers, who understood and believed that the amount of the indebtedness was to be $4,200. The sum appearing on the face of the contract when finally delivered to the purchaser was actually $7,490, which said sum was filled in by the plaintiff after the agreement had been signed in blank by the defendant. After the copy of the completed agreement was furnished to the defendant by the plaintiff, the defendant continued to make payments on the contract and took no steps to correct or change the agreement for deed because of the mistake or fraud until a foreclosure suit was filed against him, at which time he filed a counterclaim alleging interest in excess of 25%. The Court noted therein at page 570:
“The defendants made several payments on the agreement after they were aware of the amount shown on the face of same and took no action to have it rectified. If they had reason to believe it was not correct the burden was upon the defendants to raise the point regarding the amount on the face of the agreement for deed if they thought it was a mistake or that a fraud had been committed upon them. Their failure to take immediate steps and continued payments upon the agreement for deed would constitute ratification and waiver on their part. They did not raise the question of the correctness of the total amount shown in the agreement until the plaintiff had filed suit to foreclose several months after they admit the payments went into default.”
Similarly in the case at bar the appellants, Tonkovich, did not actually raise the question of fraud until they filed their answer in response to the suit brought by the appellee. Their failure to take immediate steps and continued payment sent in recognition of their agreement constitutes ratification and waiver on their part.
Having reconsidered the cause in the light of the opinion of the Supreme Court, the Mandate of this Court issued on May 18, 1966, is vacated and the Final Decree appealed is affirmed.
Affirmed.
LILES, C. J., and SHANNON, J., concur.