PEARSON, Judge.
The appellant, who was defendant in an action for alleged wrongful garnishment and malicious prosecution, appeals a final judgment for the plaintiff, appellee. Appellant originally sued appellee and secured the issuance of several writs of garnishment before judgment. The appellee maintained that the suit was baseless and that the garnishment was wrongful, because appellant held a check issued in full payment. Appellant claimed a larger amount.
It was agreed by the parties through their attorneys on December 30, 1965, that the appellee would waive its claimed right of action for malicious prosecution and wrongful garnishment if appellant would dismiss the suit and have the writs of garnishment dissolved by December 31, 1965.[1] The record reveals that this was not accomplished on the date specified because of the New Year holidays and certain court procedures. Nevertheless, the suit was dismissed and the writs of garnishment dissolved on January 7, 1966. The check held by appellant was negotiated on January 18th.
The appellee instituted the present suit for malicious prosecution and wrongful garnishment on February 4, 1966. The appel-lee did not disavow the settlement of the original suit.
*504 The principle that one who- wishes to rescind a contract must do so within a reasonable time so that the parties may, so near as is possible, be restored to their original rights has been often recognized in Florida. See Columbus Hotel Corp. v. Hotel Management Co., 1934, 116 Fla. 464, 156 So. 893; Ganaway v. Henderson, Fla.App.1958, 103 So.2d 693. It affirmatively appears from this record that appellee accepted the benefits of the delayed dismissal of the original suit and then disavowed the agreement because of late performance. The appellant, as defendant, was entitled to a directed verdict at the close of all the evidence and the denial of its motion for such has been assigned as error.
Reversed.

. The only testimony in the record concerning the circumstances of the agreement was the testimony of the attorney who represented appellee for the purpose of negotiating the termination:
“Q. As a result of those conversations and/or correspondence, did you arrive at a settlement of this lawsuit, or agreement to terminate this law suit.
“A. Yes, sir. I wrote him a letter in connection with that lawsuit.
* * * * *
“A. This letter contains what we agreed to.
* * * * *
“A. I wouldn’t have written the letter if it was possible to comply by December 31, 1965, because I didn’t have any authority to extend the time any further.”