228 So.2d 617 (1969)
Patrick J. FINNEY D/B/a American Yacht Company, Appellant,
v.
Richard FROST, Appellee.
No. 2545.
District Court of Appeal of Florida. Fourth District.
November 5, 1969.
Rehearing Denied December 30, 1969.
Richard M. Sauls, Fort Lauderdale, for appellant.
G.E. Hartwig, Fort Lauderdale, for appellee.
*618 McCAIN, Judge.
Appellant-defendant appeals from a jury verdict of $5,580.00 and final judgment thereon in favor of appellee-plaintiff.
Plaintiff sued defendant, a licensed yacht broker, for fraudulent misrepresentation. Without attempting to distinguish differences among boats, yachts and vessels, we find that the record essentially reveals the plaintiff was in the market for a boat. He contacted the defendant and with defendant's salesman looked at several. The salesman located one named "Marko" which was being repaired at a boatyard. Plaintiff liked it and on advice of the salesman arrived at a sales agreement with the owner for a total purchase price of $5,500.00, with the agreement calling for $1,000.00 down and requiring the boat to be free of all liens and encumbrances, and that
"Trial runs, Present work & planned work now being done at Merrits to be completed forthwith at sellers exp., paint color On super structure at buyers option Balance of $4,500.00 to be paid to seller upon completion of work."
Subsequently, the balance of the sales price was paid and the ownership papers transferred, with the bill of sale stating:
"The sellers further warrant that the said vessel is free and clear of all liens, mortgages, taxes and encumbrances of any nature or kind and hereby agree to indemnify and save harmless, the purchaser against and from any and all claims arising by reason of anything happening or occurring prior to date hereof and all expense in connection therewith."
Two months later the boat was attached and sold for unpaid bills.
Plaintiff sued defendant for fraudulent misrepresentation, asserting as fraud the false statement of the defendant that all bills were paid when in fact they were not.
Fraud, actual or constructive, is not presumed. It must be specifically alleged and proved by clear and convincing evidence. Thomas v. Pennsylvania Threshermen & Farmers' Mutual Insurance Co., Fla.App. 1964, 167 So.2d 10, and Hester v. New Amsterdam Casualty Co., D.C. 1968, 287 F. Supp. 957.
The essential elements of fraud are: (1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff. Tonkovich v. South Florida Citrus Industries, Inc., Fla.App. 1966, 185 So.2d 710 (cause remanded 196 So.2d 438 and 202 So.2d 579, Fla.App. 1967).
There is no evidence in the record which could sustain a verdict in favor of the plaintiff. The evidence is insufficient to establish that the defendant knew the bills were not paid or that he told the plaintiff that the bills were paid to induce plaintiff to act.
Both plaintiff and defendant had seen what purported to be paid bills. Both knew the boat was being repaired and plaintiff knew from a talk with the owner of the boatyard that the bills on the present work would be large. Nevertheless no one bothered at the time of transfer to check with the boatyard to be sure the bills were paid. Either party could have learned of the status of the bills by a phone call.
Accordingly the final judgment appealed from is reversed and this cause remanded with instructions that the jury verdict be set aside and appropriate judgment be entered in favor of the defendant.
Reversed and remanded.
WALDEN and REED, JJ., concur.