249 So.2d 477 (1971)
Gary A. POLIAKOFF, Appellant,
v.
NATIONAL EMBLEM INSURANCE COMPANY, an Illinois Corporation, Appellee.
No. 70-925.
District Court of Appeal of Florida, Third District.
June 8, 1971.
Rehearing Denied July 9, 1971.
*478 Becker & Kimler, Miami, for appellant.
Adams, George, & Wood and David L. Willing, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PEARSON, Chief Judge.
The appellant urges that the trial court erred in dismissing his complaint for damages upon a claim of fraudulent misrepresentation. The appellee urges that the complaint was properly dismissed because it showed upon its face that the action was barred by that portion of F.S. § 725.01, F.S.A., which provides:
"No action shall be brought * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."
Thus it appears that we are faced with conflicting theories of the case. Appellant construes his action as one in tort for fraudulent misrepresentation. Appellees see the action as one upon an oral agreement. The complaint alleges: (1) The appellee, National Emblem, was doing business in Florida as an automobile insurance company; the appellee, Bryan, was the agent and employee of National Emblem. (2) The appellant made a disclosure to the appellees of his driving record and his wish to buy a "non-cancellable" insurance policy. Appellees represented that they would sell him a "non-cancellable" policy. Appellees' representation was knowingly made and false. (3) Appellant acted upon the false representation by purchasing a policy which was cancelled without stated reason within two months of the date of purchase.
The essential elements of fraud are: (1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff. Finney v. Frost, Fla.App. 1969, 228 So.2d 617; Abbate v. Nolan, Fla.App. 1969, 228 So.2d 433; Tonkovich v. South Florida Citrus Industries, Inc., Fla.App. 1966, 185 So.2d 710 (cause remanded *479 Fla. 1967, 196 So.2d 438 and Fla.App. 1967, 202 So.2d 579). Using these elements as a guide, we hold that the complaint stated a cause of action.
We point out that we are not here concerned with the proof of appellant's complaint. Therefore, appellee's reliance upon Tanenbaum v. Biscayne Osteopathic Hospital, Inc.[1] and Rowland v. Ewell[2] is not well placed because those cases deal with the proof and enforcement of oral contracts.
Reversed and remanded with directions to deny defendants' motion to dismiss.
Reversed.
NOTES
[1] Fla. 1966, 190 So.2d 777.
[2] Fla.App. 1965, 174 So.2d 78.