636 So.2d 887 (1994)
Larry K. HENSON and Cheryl D. Henson, Appellants,
v.
JAMES M. BARKER COMPANY, INC., a corporation, and Seaboard Surety Company, a corporation, Appellees.
No. 93-15.
District Court of Appeal of Florida, First District.
May 18, 1994.
*888 William G. Cooper of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellants.
B. Thomas Whitefield of Ulmer, Murchison, Ashby & Taylor, Jacksonville, for appellee James M. Barker Co., Inc.
Dale K. Bohner of Smith, Williams & Bowles, P.A., Tampa, for Appellee Seaboard Sur. Co.
ALLEN, Judge.
This case involves an appeal and cross-appeals from a judgment of the circuit court in two consolidated cases arising from a construction take-over agreement. We affirm on the appeal and reverse on both cross-appeals.
The appellants, Larry and Cheryl Henson, entered into a construction contract with James M. Barker Company, Inc. (Barker) for construction of an eight unit condominium project. Seaboard Surety Company (Seaboard) provided a performance and payment bond on the project. During the course of construction, a dispute arose between Barker and the appellants, ultimately resulting in Barker leaving the project. Barker and the appellants executed a take-over agreement that provided for another contractor to complete the project and released Barker and Seaboard from their obligations under the construction contract and bond. As part of the consideration for execution of the take-over agreement, Larry Henson executed a $25,000 promissory note. Although the condominium project was eventually completed, the appellants ultimately paid $200,000 more than anticipated, allegedly due to defective construction by Barker.
Subsequently, the appellants filed suit against Barker and Seaboard, seeking rescission of the take-over agreement and damages. The appellants alleged that execution of the take-over agreement had been induced by fraud. Barker also filed suit on the promissory note. Prior to trial, the court entered partial summary judgment in the promissory note suit in favor of Barker on the question of liability, but reserved the question of the amount due for trial of the consolidated cases. Following a bench trial on the consolidated cases, the court entered final judgment in favor of the appellees in the fraud action, concluding, among other things, that *889 the appellants had waived any right they might otherwise have to rescission of the take-over agreement. In the promissory note action, judgment was entered in favor of Larry Henson. All parties were ordered to pay their own costs.
The appellants argue that the trial court erred in applying laches to defeat rescission of the take-over agreement. However, it is clear that the trial court made no finding of laches. Rather, the trial court was responding to the appellees' affirmative defense that the appellants' failure to give timely notice of their intent to rescind the agreement constituted a waiver of that remedy. This defense has long been recognized in Florida law. For example, in Farnham v. Blount, 152 Fla. 208, 11 So.2d 785 (1942), the supreme court affirmed the denial of rescission of a mortgage contract based on fraud where the alleged undisclosed defects were known by the plaintiffs several years before they gave notice by instituting suit. The court held that once a person obtains knowledge of fraud, his failure to act with diligence in instituting judicial proceedings will be regarded as a bar to equitable relief. Id. 11 So.2d at 788-89; see also, e.g., Department of Transportation v. Ronlee, Inc., 518 So.2d 1326 (Fla. 3d DCA 1987), rev. denied, 528 So.2d 1183 (Fla. 1988); Rood Co. v. Board of Public Instruction, 102 So.2d 139 (Fla. 1958); Tonkovich v. South Fla. Citrus Ind., 202 So.2d 579 (Fla. 2d DCA 1967). The court in Farnham noted that the plaintiffs only instituted suit when they could no longer make the payments due to the depression of 1930 and 1931. Id. at 789. Similarly, in the present case, the appellants were aware of the defects at least by mid-summer 1985, but never indicated an intent to rescind until some twenty-one months later when they filed suit  nine days after Barker demanded payment on the $25,000 promissory note and after the construction of the project was completed. The trial court concluded that "[t]wenty-one months is an unreasonable length of time to wait to give notice." The question of what is a reasonable time in which to rescind a contract is a question of fact unless the facts are undisputed, in which case the time may be such that the court will declare it to be reasonable or unreasonable as a matter of law. Mizell v. Watson, 57 Fla. 111, 49 So. 149, 151 (1909). The appellants have offered no explanation for their delay in instituting suit. Nor have they shown any basis for rejecting the findings of the trial court on this issue. Accordingly, we reject the appellants' argument on this point. Our rejection of the appellants' argument on this point makes it unnecessary for us to address the other points raised by the appellants.
On cross-appeal, Barker argues that it should have prevailed in its suit to collect on the $25,000 promissory note. The trial court determined that
the terms of the note permit and contemplate that Henson could set off against the note additional amounts properly paid by Henson to Barker's vendors over the amounts warranted in the Take-Over Agreement. For other than remedial or additional work, the additional amounts paid for carpentry work, the brick supplier and the plumbing and electrical subcontractors exceeded $25,000 and should be allowed as a set off.
In support of this finding, the appellants rely on accounting sheets that show expenditures to various subcontractors. However, there was no testimony or other evidence tying those expenditures to monies owed under the Barker contract. In fact, the evidence demonstrates the opposite conclusion since none of the contract numbers on the accounting sheets match those in the take-over agreement. It therefore appears that once the new contractor took over, he entered into all new subcontracts, and thus the money expended was not for work performed under Barker's subcontracts but rather for work performed under these new subcontracts. In fact, we find no evidence in the record that Henson paid any of the sums designated in the take-over agreement as still owed to the Barker subcontractors. Because the trial court's finding regarding the appellants' right to a set off is not supported by competent substantial evidence, we must reverse that portion of the final judgment pertaining to amounts owed under the promissory note.
Seaboard also cross-appeals, asserting that the trial court erred in ordering each party *890 to bear its own costs. We agree that the trial court erred in this regard. Section 57.041, Florida Statutes (1991), provides in pertinent part:
(1) The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment[.]
"`[S]ection 57.041 mandates that every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs and that a trial judge has no discretion under that statute to deny court costs to the prevailing party recovering judgment.'" Oriental Imports, Inc. v. Alilin, 559 So.2d 442, 443 (Fla. 5th DCA 1990) (quoting Governing Bd. of St. Johns River Water Mgmt. Dist. v. Lake Pickett Ltd., 543 So.2d 883 (Fla. 5th DCA 1989); see, e.g., Couch v. Drew, 554 So.2d 1185, 1188 (Fla. 1st DCA 1989), approved, 565 So.2d 1354 (Fla. 1990); Dregstrem v. Butts, 370 So.2d 416, 417 (Fla. 1st DCA 1979). The Hensons in fact concede that the trial court was in error in not providing for taxable costs in favor of Seaboard.
In sum, we affirm that portion of the final judgment in favor of the appellees in the appellants' action, but we reverse that portion of the final judgment pertaining to the amounts owed under the promissory note suit and remand for imposition of judgment in accordance with this opinion. We also reverse that portion of the final judgment ordering each party to bear its own costs.
BOOTH and WEBSTER, JJ., concur.