LEVY, Judge.
Landlord who sued Tenant for rent appeals from an unfavorable Final Judgment and award of attorney’s fees. For the following reasons, we reverse.
On September 12,1992, Morris Investment Partnership (“Landlord”) and Felix Figueroa (“Tenant”) entered into a commercial lease agreement. The lease provided that the Tenant was to use the premises to operate an automobile repair shop in the City of South Miami. The lease further provided that in the event the Landlord is forced to collect rent, the lessee is responsible for ten percent of the attorney’s fees incurred in the collection.
The Tenant applied to the City of South Miami for an occupational license to operate an automobile repair shop. In 1989, the City of South Miami had amended its zoning laws so that certain businesses were required to have a minimum amount of “off-street” parking. As a result, the City denied the Tenant’s application because the subject property had insufficient off-street parking. The Landlord attempted to legally challenge the City of South Miami’s determination that the premises had insufficient off-street parking. While the Landlord incurred substantial legal expenses, the challenge was unsuccessful. Consequently, the Tenant operated his business with no occupational license.
Beginning in September, 1992, the Tenant occupied the premises and operated his automobile repair shop. In late December, 1993, the Tenant moved out of the premises before the expiration of the lease. The Tenant did not pay rent for many of the months during which he occupied the premises, claiming that it was the responsibility of the Landlord to either bring the property into compliance or to challenge the zoning determination so that the Tenant could obtain an occupational license.
The Landlord, on the other hand, solicited the rent. After several demand letters, the Landlord filed suit against the Tenant. The Landlord requested damages in three counts. Count One sought accrued or past due rent. Count Two sought accelerated rent, or the entire amount due up to the end of the lease period. Count Three sought compensatory damages, specifically, the fines and attorney’s fees the Landlord incurred in his attempts to challenge the City of South Miami’s zoning determination. The Tenant filed an answer, affirmative defense, and *290 counterclaim. The counterclaim sought compensatory damages for lost profits and costs of moving. The counterclaim did not seek rescission. A non-jury trial ensued.
At the close of the Landlord’s case, the trial court granted a directed verdict in favor of the Tenant as to Count Two for accelerated rent. The trial court also directed a verdict in favor of the Tenant as to Count Three for compensatory damages. The trial court found that the Tenant had no responsibility to pay the fees incurred by the Landlord in challenging the City’s parking regulation. The trial court reasoned that the task of bringing the premises into compliance rested entirely with the Landlord. However, as to Count One for accrued rent, the trial court requested that the parties submit memoranda of law on the question. Subsequently, the trial court determined that no back rent was due and entered a Final Judgment in favor of the Tenant on August 9, 1995. The Final Judgment states, in pertinent part:
3. Because the Plaintiffs failed to provide a premises that was usable for the purpose intended, the lease fails.
It is therefore, ORDERED AND ADJUDGED:
1. That this Court awards a Judgment in favor of the Defendant.
2. That pursuant to the Counterclaim the lease is to be declared null and void.
In a subsequent order, the trial court also awarded attorney’s fees and costs to the Tenant. The order awarding attorney’s fees provides, in pertinent part:
The Court finds that the contract was binding and therefore the Defendant is entitled as the prevailing party to attorney’s fees.
The Landlord timely appealed the Final Judgment as well as the order awarding attorney’s fees. Both appeals are consolidated here. For the following reasons, we reverse the Final 'Judgment as well as the order awarding attorney’s fees.
It was inappropriate for the trial court to declare the lease “null and void” and grant rescission in the Final Judgment because neither party sought rescission as a remedy. See International Harvester Credit Corp. v. East Coast Truck and R.V. Sales, 547 F.2d 888 (5th Cir.1977).
Assuming arguendo that rescission was properly pled in this case, the fact that the Tenant remained on the premises and enjoyed benefits under the lease agreement is totally inconsistent with seeking rescission of the lease. See Rood Co. Inc. v. Board of Public Instruction of Dade County, 102 So.2d 139, 141 (Fla.1958) (“Courts of equity will not grant the remedy [of rescission] unless it clearly appears that the claimant is entitled thereto and has not by his own conduct waived his right to the relief claimed.”); Luraline Products Corp. v. Architectural Lighting Inc., 207 So.2d 502, 504 (Fla. 3d DCA 1968) (“The principle that one who wishes to rescind a contract must do so within a reasonable time so that the parties may, as near as possible, be restored to their original rights has been often recognized in Florida.”) (citations omitted); Steinberg v. Bay Terrace Apartment Hotel, 375 So.2d 1089, 1092 (Fla. 3d DCA 1979) (“[T]he remedy of rescission is clearly not favored by the courts, particularly when the complaining party has failed to promptly deny the contract as binding upon him and failed to follow a course of conduct manifesting a disavowal of it.”).
In the instant case the Landlord entered into a contract and desired at all times to have the parties abide by the contract, which is the reason that the Landlord is seeking the monthly rent for each of the months that the Tenant was in possession of the premises, but during which it did not pay rent. The Tenant might have been in a position to advance a constructive eviction argument if the Tenant had chosen to move out of the premises due to the City of South Miami’s refusal to issue an occupational license. However, the Tenant did not choose to do so, but rather, remained on the premises doing business there. The Tenant remained on the premises ostensibly under the authority of the written lease which neither party sought to vitiate, or rescind. Based on the pleadings and the evidence in this ease, the trial court’s finding that the lease was rescinded was in error. Therefore, the Landlord *291 should have prevailed on Count One of the complaint wherein it sought accrued rent.
Accordingly, the Final Judgment declaring the lease null and void is reversed. This case is remanded for a determination of the amount of rent due the Landlord. We do not disturb the trial court’s ruling as to Counts Two and Three of the Landlord’s complaint. However, the order awarding attorney’s fees to the Tenant as the prevailing party is also reversed.
Reversed and remanded.