THE MORTIMER COMPANY, a corporation, *Plaintiff in Error*, vs. SAMUEL H. FRIDSTEIN and JESSE H. GOSS, *Defendants in Error*.

Division B.
Opinion filed April 1, 1931.

34

*George W. Bassett, Jr.,* of St. Augustine, for Plaintiff in Error;

*Mickler & Mickler,* of St. Augustine, for Defendants in Error.

DAVIS, J.—In this case the Court below sustained a demurrer to a common law declaration seeking recovery of certain moneys which are alleged to have been paid to defendant as earnest money under a contract for the purchase and sale of real estate.

Judgment on the demurrer was entered in favor of defendant as to the two special counts of the declaration which are to be considered on this writ of error.

While the demurrer which was sustained does not comply' with Section 2641, Rev. Gen. Stats., 4307 C.G.L., in that it does not specifically set out the substantial matters of law intended to be argued·under it, and in consequence of such failure might not furnish a predicate for successfully maintaining an assignment of error on it in an appellate court had the court over-ruled such demurrer (Benedict Pineapple Co. v. A. C. L. R. R. Co., 55 Fla. 514, 46 So. ·732; State ex rel. Kittel v. Trustees, 47 Fla. 307, 35 So. 986; Heathcote v. Fairbanks Morse Co., 60 Fla. 97, 53 So. 590), such deficiency in the form of the demurrer cannot serve as a basis for reversing the judgment if, as a matter of law, the declaration states no cause of action, because where a judgment is rendered for defendant on a substantially defective declaration, such judgment should not be held to be so erroneous as to require its reversal by an appellate court. Hall & Pope v. Northern & Southern Co., 55 Fla. 242, 46 So. 178.

Assuming that the contract sued on is governed by what was held by this Court in the recent case of Vance v. Roberts, 96 Fla. 379, 118 So. 205, and that the purchaser was not in default under the contract in not paying or tendering the whole purchase price because his covenant to pay and the vendor's covenant to make title were mutual, concurrent and dependent acts to be performed ·by

the respective parties at the same time, it nevertheless appears that under the contract that title to a part of the lands was required to be "saisfactory to vendee" and in the event it was not "satisfactory to vendee" that then there should be either (1) an abatement of $16000.00 in the purchase price or (2) *at the option of the vendee* the contract might be terminated and all moneys paid under it returned to the vendee (plaintiff).

The declaration alleges in the first count that defendants "failed, neglected and refused to deliver nor have the defendants offered to deliver to the plaintiff warranty deed conveying and assuring to the said plaintiff a title in fee simple, clear of all incumbrances, and have continued so to do, and failed, neglected and refused to return the said sum of money so paid or any part thereof and continues so to do."

But assuming such facts to be true as are stated in this count, a failure to make "satisfactory" title, was only ground for abatement in the purchase price or the return of the earnest money at vendee's option and the first count of the declaration wholly fails to show that the stated provision of the contract for return of the purchase money has ever become effective under its terms.

As to the second count, the recovery, is sought on the ground that altho the contract provided that it was understood that the vendor did not have a fee simple title but only had a bond for title to some of the lands described, that nevertheless he would attempt to give title to same "satisfactory" to the vendee, and that thereafter defendant did not deliver or tender a satisfactory title, wherefore plaintiff exercised its option to terminate the contract, and so advised the defendant, and demanded the return of the earnest money.

But the mere failure of the vendor to "deliver and/or tender to the said plaintiff a title in fee simple, free and clear of all incumbrances, or satisfactory to said plaintiff" as alleged in the second count did not in and of itself give rise to a right to exercise the option for the return of the money.

It is not alleged that plaintiff had exercised his option to demand "satisfactory" title so as to entitle him to a refund because he had thereafter found the vendor's title unsatisfactory. Default of the vendor in not furnishing a "satisfactory" title under the terms of the contract itself merely resulted in an abatement of $16000.00 of the purchase price.

The option to terminate for unsatisfactory title involved an obligation on the vendee's part to affirmatively decline the abatement in price and insist on vendee's obligation to furnish "satisfactory" title so that the contract could be rescinded pursuant to the "option" of the vendee in the event vendor did not comply.

It was the duty of plaintiff in his declaration to allege clearly and definitely sufficient facts to show a breach on the part of defendant. This the plaintiff failed to do because vendor's mere failure to furnish a "satisfactory" title was expressly provided for in the contract and the consequence of such failure were limited to an abatement of the purchase price unless the vendee should require of the vendor that vendor furnish such title as was "satisfactory" or return the earnest money in the event vendor could not give what vendee had the right, at his "option," to require.

So the declaration wholly failed to state a cause of action and the demurrer thereto was properly sustained. Sylvester v. Lichtenstein, 61 Fla. 441, 55 So. 282.

The judgment is affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.