Ernest G. Bardwell, *et ux.*, v. Lillian Barnum Albertson.

162 So. 321.
Division B.
Opinion Filed June 17, 1935.
Rehearing Denied July 6, 1935.

*J. F. Burrow* and *E. Dykes,* for Appellants;
*Maguire & Voorhis,* for Appellee.

Buford, J.—In this case the appeal is from final decree in a suit which was instituted to enforce rescission of an executory contract. The appellee here was defendant in the court below. She resisted rescission on the theory that the complainants Bardwell were only entitled to an abatement in price of the property involved.

The record shows that the Bardwells entered into a contract to purchase a certain lot of land in a residential subdivision near Orlando, Florida; that the purchase contemplated the lot with a house located thereon and certain furniture and furnishings within the house. The lot was pointed out to the purchasers on the ground. The purchasers went into possession, remodeled and improved the

house and beautified the grounds. Later it was discovered that prior to the contract of sale by appellee to appellants appellee had ·sold another plot of ground which overlapped 10 feet on the plot sold to the Bardwells. Upon this discovery being made the Bardwells continued in possession and insisted on abatement in price and the vendor agreed to an abatement, but not as much as the Bardwells 'demanded. Nevertheless, it appears that the Bardwells continued in possession and made payments on the purchase price after discovery of the shortage in the lot. This they had a perfect right to do, provided they intended to stand by the contract and not contend for a rescission.

In the case of Lake Mabel Development Co. v. Bird, 99 Fla., 253, 126 Sou. 356, this Court said:

"Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he be silent and. continue to treat the property as his own, he will be held to have waived the objection and will be as conclusively bound by the contract as if the mistake or fraud had not occurred. He is not permitted to play fast and loose."

In support of which statement we cited the case of Grymes v. Sanders, 93 U. S. 55, 23 Law Ed. 798.

This principle is recognized in many other jurisdictions, but it is not needful to cite other cases when the question has been definitely settled by this Court.

In the case of Hendricks v. Stark, 99 Fla. 277, 126 Sou. 293, we said, quoting with approval from 9 C. J. 1198:

"Where a party, with knowledge of facts entitling him to rescission of a contract or conveyance, afterward, without fraud or duress, ratifies the same, he has no claim to the relief of cancellation. An express ratification is not

required in order thus to defeat his remedy; any acts of recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it, have the effect of an election to affirm. This doctrine seems to rest not upon the principle of a new contract between the parties, nor yet upon the ordinary principle of estoppel *in pais,* but rather upon a distinct principle of public policy, that all that justice or equity requires for the relief of a party having such cause to impeach a contract is that he should have but one fair opportunity, after full knowledge of his rights, to decide whether he will affirm and take the benefits of the contract, or disaffirm it and demand the consequent redress. Any other rule would be regarded as unjust, even toward the party guilty of the wrong out of which grows the right to rescind."

And further in that opinion, we said:

"One of the most familiar applications of the rule relating to the acceptance of benefits arises in the case of contracts. It has been repeatedly held that a person by the acceptance of benefits may be estopped from questioning the validity and effect of a contract; and where one has an election to ratify or disaffirm a conveyance, he can either claim under or against it, but he cannot do both, and having adopted one course with knowledge of the facts, he cannot afterwards pursue the other."

See also Mortimer Co. v. Friedstein, 101 Fla. 33, 133 Sou. 566. In the final decree the Chancellor said:

"That the plaintiffs can have the substantial benefit of their contract notwithstanding the slight defect in quantity complained of, due to the inability of the defendant to convey the North ten feet of the lot hereinafter described, and that justice will be better subserved by a ratable abatement of the purchase price than by a rescission of the contract."

We think this finding was fully warranted by the evidence submitted. It is well settled that the remedy of rescission and cancellation does not hold high favor with the courts and even slight circumstances which indicate a purpose or intent upon the part of one seeking rescission to waive that right will prevent the granting of relief. The right to have rescission is one that may be waived and when it is waived the rights of the parties are placed upon a new basis. See American Land Co. v. Dale (Tex. Civ. Appr.) 55 S. W. (2nd) 229, and cases there cited.

It appears that the decree is in conformity with the law heretofore enunciated by this Court, is supported by the evidence and should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.