Zenas B. Davis and Earl B. Winne v. Lillian Barnum Albertson

172 So. 241.
Opinion Filed January 13, 1937.
Rehearing Denied February 12, 1937.

*J. F. Burrow* and *E. W. & R. C. Davis,* for Appellants;
*Maguire & Voorhis,* for Appellee.

PER CURIAM.—Appellee, Lillian Barnum Albertson,
owned a tract of land containing twenty acres from which
she agreed to sell appellants Tract "A," with a frontage of
400 feet, and Tract "C," with a frontage of sixty-five feet.
Tract "B," with a frontage of seventy-five feet, lay be-
tween Tracts "A" and "C." In making a sale of Tract "B"
to a third party, appellee included in the description thereof
the north ten feet of Tract "A." The purchaser of Tract
"B" went into possession and made valuable improvements
on it. With knowledge of the third party's claim to the ten-
foot strip on the north side of Tract "A," appellants contin-
ued in possession of the remainder of the said tract, made
payments on the purchase price, and did not repudiate the
transaction for five years, during which time material
changes had taken place in land values and economic con-
ditions generally.

The contract of purchase was made in March, 1925, and
the original bill to foreclose the purchase contract was filed
by the vendor (appellee), in March, 1931. By answer
and counterclaim the vendees (appellants) pray for rescis-
sion and cancellation of the sales contract and to impress a
lien on the lands described therein, for the amount of the
purchase money paid thereon, and the cost of improvements
placed on the property, including taxes and interest. The
basis for rescission being that the ten-foot strip on the north

side of Tract "A" having been sold, it cannot now be delievered to them as contracted for.

These facts are the primary ones made by the pleadings and constituted the predicate for the chancellor's decree in favor of appellee. It is quite true that appellants took a different view of the facts but such was the interpretation placed on them by the chancellor and, being amply supported, we find no reason to disturb his finding. In fact, he was confronted by a suit growing out of a typical boom-time transaction in which a zealous purchaser paid too dear for his whistle and after the frolic was over and sanity restored insisted that his vendor pay for the confetti.

Able and exhaustive briefs have been filed on both sides which have been read with care. As ground for reversal, appellants rely on the failure of appellee to convey the ten feet in controversy. Appellee counters with the contention that appellants by their conduct waived and condoned such failure. The latter contention was established by the proof.

To discuss all the questions raised would require a lengthy opinion that would serve no useful purpose. The case turns on the question of the right of appellants to cancel and rescind the contract under the facts stated. That question was conclusively settled contrary to appellants' contention in Bardwell, *et ux.,* v. Albertson, 120 Fla. 106, 162 So. 321, in which the identical question affecting the same piece of land was involved. This is a stronger case from the standpoint of delay and acquiescence than the latter case. In addition to delay and acquiescence, it is shown that the condition of the parties had changed and the price of real estate had collapsed.

For the reason thus stated the judgment below is affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, C. J.—I think that the case of Acosta v. Gingles, 70 Fla. 13, 169 So. 558, is authority for the establishment of the boundary line of lot B by acquiescence and recognition.