BARKDULL, Chief Judge.
Appellant, defendant in the trial court, •seeks review of an adverse final judgment •entered in a non-jury case for money due •and owing.
The appellant, as prime contractor, subcontracted with East Coast Floor Company to furnish certain work, materials and labor relating to a housing project in Key West, Florida. The sub-contract provided that the sub-contractor was to receive monthly payments for work completed and accepted for the month prior to payment. Subsequently, the sub-contractor entered into an assignment of the monies to be due under the said contract to the appellee herein to secure loans and advances. Said assignment was acknowledged by the appellant herein. Thereafter, the appellant’s project manager executed a statement [or letter], setting out the amount of work completed or “work in place” each week by the sub-contractor and the sub-contractor took these statements to the appellee bank and borrowed money based on the statements. Some 17 such statements were so negotiated, and the appellant made payment upon them to the appellee. The cause of action arose out of 5 statements which the appellee had accepted and loaned money on to the sub-contractor. The statements were for August 31, 1961 and September 7, 14, 21 and 28, 1961. When these statements were forwarded to the appellant, it refused payment, claiming the sub-contractor defaulted October 6, 1961. Suit was instituted. The parties stipulated to a non-jury trial. At the close of all the evidence, the trial court entered the judgment appealed.
The appellant has urged several points for reversal of the final judgment, none of which do we find to have merit. This financing arrangement was not an unusual one; it merely provided that the prime contractor, following a certificate that work had been completed, would pay to the bank monies advanced on said certificates as they matured. It appears that the acknowl-edgements of the “work in place” ware in accordance with the terms of the subcontract, were recognized for a period of 17 weeks as sufficient indications of “work in place” to permit the bank to loan monies on said certificates and which, in turn, were honored by the appellant by paying the monies due under the sub *250 contract to the bank, the assignee thereof for the purpose of receiving payments thereunder.
The judgment of the trial court arrived in this court with a presumption of correctness. See: Cf. Ward v. Miami Lock & Hardware Co., Fla.App.1960, 119 So.2d 395; Ross v. Florida Sun Life Insurance Company, Fla.App.1960, 124 So.2d 892; Bardee Corporation v. Arnold Altex Aluminum Co., Fla.App.1961, 134 So.2d 268. The appellant has failed to demonstrate any error in the proceedings in the trial court. Mellet v. Henry, Fla.App. 1959, 108 So.2d 69; Green-Mar Builders, Inc. v. Pearlman, Fla.App.1959, 109 So. 2d 601; Brown v. Householder, Fla.App. 1961, 134 So.2d 801. To the contrary, the record on appeal reveals that the trial judge correctly applied the principles of law, enunciated in Willcox v. Stephenson, 30 Fla. 377, 11 So. 659; Lalow v. Codomo, Fla.1958, 101 So.2d 390, to the facts as revealed by the evidence, and the judgment here under review is hereby affirmed.
Affirmed.