245 So.2d 883 (1970)
FLORIDA FIRST NATIONAL BANK AT KEY WEST, Appellant,
v.
FRYD CONSTRUCTION CORPORATION, Appellee.
No. 69-788.
District Court of Appeal of Florida, Third District.
December 1, 1970.
On Rehearing March 24, 1971.
*884 H. James Catlin, Jr., Paige & Catlin, Miami, for appellant.
Cristol, Rose & Aldrich, Miami, for appellee.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
PEARSON, Chief Judge.
The appellant, Florida First National Bank at Key West, was the plaintiff in the trial court. It brought an action upon a contract which provided for the payment of money. The right to collect the money due upon the contract was assigned to the Bank as security for a loan upon which the assignor defaulted. The appellee, Fryd Construction Corporation, had contracted to pay the money to a subcontractor, Key West Plastering Co., as consideration for a subcontract. The Bank appeals a summary final judgment for the appellee, Construction Corporation, sustaining the appellee's defense of payment even though some of the money due under the contract was not paid to the Bank.
The summary judgment was entered upon agreed facts as follows:
1. The appellee was engaged as the prime contractor for the construction of the Florida Keys Junior College.
2. On August 2, 1967, the contractor and the subcontractor entered into a subcontract for the plastering on the job.
3. On November 2, 1967, the subcontractor executed and delivered to the Bank a promissory note for $5,000 and a security agreement. The security agreement assigned to the Bank the right to collect all future payments as they came due.
4. The Bank notified the contractor that the subcontractor had assigned to it the right to receive payments under the contract.
5. The contractor proceeded to make payments to the Bank upon the contract by checks payable to the Bank and the subcontractor on the following dates:

 December 6, 1967 $ 2,000.00
 December 14, 1967 5,000.00
 February 1, 1968 3,600.00
 February 22, 1968 2,000.00
 __________
 $12,600.00

6. The contractor made two payments by checks made payable to materialmen and the subcontractor. These payments were for materials used in the performance of the subcontract.

 November 17, 1967 $2,546.42
 December 4, 1967 209.87
 __________
 $2,756.29

7. The contractor also made four payments directly to the subcontractor.

 November 17, 1967 $ 477.56
 January 24, 1968 400.00
 February 28, 1968 1000.00
 March 14, 1968 766.15
 _________
 $2,643.71

*885 8. The Bank did not deduct all of the money due on the loan from the four payments made to the Bank. The expiration date for the note to the Bank was January 31, 1968. There is due to the Bank upon the secured loan the amount of $3,500.00.
The trial judge has entered full and lucid rulings upon each separate defense presented by the appellee. This was done in an order granting summary judgment and was followed by a final summary judgment which carried into effect the rulings made.
This procedure greatly facilitated our work on this appeal and cross appeal and will make possible an expeditious disposition of the cause upon remand.
The position of the appellant Bank on this appeal is that it was the obligation of the contractor to disburse to the Bank all of the payments after notification of the assignment. It is thereupon argued that the sum of $5,400.00 (the total of the amounts paid by the contractor to the materialmen and the subcontractor) was improperly paid. The Bank claims that these improper payments constitute a fund from which the Bank is entitled to collect its damages, i.e., $3,500.00 still due from the subcontractor, together with costs and attorney's fees.
The trial judge entered the summary final judgment for the appellee, contractor, upon the following ground:
* * * * * *
"2. Summary Judgment is granted in favor of defendant, Fryd Construction Corporation, and against plaintiff, Florida First National Bank at Key West on defendant's Affirmative Defense Number Two.[1] It is undisputed that pursuant to the notice of assignment received by the defendant, jointly paid $12,600.00 to plaintiff bank and the plasterer subcontractor. It is undisputed that the bank had an absolute right to apply these funds to the $5,000.00 debt due from the plasterer to plaintiff bank, and therefore the defense of payment has been established. The Court finds that plaintiff bank had an obligation to apply these funds to said indebtedness."
This holding of the trial judge amounts to a statement of a rule of law that the assignee of a contract who holds the assignment as security for a debt must apply the first funds received under the assigned contract to the repayment of the signed contract to the repayment of the debt or the rights under the assignment will be discharged. The appellant presents this issue by its second point on appeal.
On this appeal each party has urged the court to decide this and other issues in the case "for the good of the industry." But on this pivotal point on appeal neither party has cited any authority. In other words the attorneys ask that we "write some law" for them. We will decide this point upon our own research because it is necessary to a disposition of the appeal.
But we point out that such cases make for weak authority. The Bank urges that it ought not be required to apply the first money received to its debt because it is secured in its position by the knowledge that as the job progresses the contractor is obligated to make future payments through the Bank, thus the Bank can aid the debtor in financing the job. This position seems to us to make good sense. Cf. Florida Builders, Inc. v. Florida Nat. Bank & Trust Co., Fla.App. 1964, 161 So.2d 248. The obvious purpose of the assignment of the payments under the contract was to secure bank financing of the job. The assignment was not for a specific amount then due but rather it was an assignment for all future payments. Having secured the $5,000.00 from the Bank upon the note, the contractor still had continuing obligations *886 to his workmen and materialmen. A contrary holding would require that the subcontractor borrow all the money necessary to complete the contract rather than enough to get started. Such a construction of the law seems unnecessarily restrictive unless it is required by some principal of the law. Appellee has cited no principle that requires reduction of the debt by the Bank from the first proceeds of the security.
Section 679.9-502, Fla. Stat., F.S.A., "Uniform Commercial Code  Secured Transactions  Collection rights of secured party" states simply that "A secured party * * * who undertakes to collect from the account debtors or obligors must proceed in a commercially reasonable manner * * *." In the absence of a holding that the Bank did not proceed in a commercially reasonable manner, we find that the trial judge erred in holding that the Bank had an obligation to deduct the secured debt from the first payments under the assignment. We must therefore reverse the summary final judgment.
The appellee in its argument under this point urges that the notice of assignment sent by the Bank to the contractor was insufficient in form and substance. We do not pass upon the sufficiency of the notice. It is clear that the contractor accepted the notice as sufficient and proceeded to act under the notice. Having agreed by his actions as to the binding effect of the notice he may not at this date disavow the notice and label his own actions as illegal. Cf. Bardwell et ux. v. Albertson, 120 Fla. 106, 162 So. 321 (1935).
In the interest of a prompt disposition of this cause upon remand there is one other point presented by the appellant which merits discussion. The trial judge struck appellant-Bank's claim for costs and attorney's fees. While it is clear that the contractor has made no agreement to be liable for attorney's fees, appellant's claim is not for attorney's fees as an appendage to its claim but as an element of damages. The complaint asserts that the contractor has knowingly and in disregard of appellant's rights and after notification of appellant's secured rights under the law of this state, wrongfully disbursed to others a part of the money due appellant. If this claim is established the appellant is entitled to recover reasonable attorney's fees if he proves those fees as a part of "his reasonable expenses of realization." See § 679.9-502, Fla. Stat., F.S.A. (Uniform Commercial Code). Therefore the order striking from the complaint the allegations relative to attorney's fees and costs is reversed.
The appellee-contractor has filed extensive cross assignments of error directed to rulings upon other defenses which the contractor filed. Appellee's first point urges that a contract clause requiring written consent to an assignment of the contract is valid. The trial judge held that the restriction was invalid. He held:
"1. Summary Judgment is granted in favor of plaintiff and against defendant on defendant's Affirmative Defense Number One. The Court rules that the assignment of contract rights from the plasterer to plaintiff was valid and that the purported restriction of said assignment requiring written consent of the contractor, Fryd Construction Corporation, constitutes a violation of Section 679.9-318(4) Florida Statutes, rendering prohibitions of assignment of contract rights ineffective."
The trial judge was entirely correct. The statute is explicit and was enacted after this court's decision in Troup v. Meyer, Fla.App. 1959, 116 So.2d 467. We affirm this holding.
Appellee's second point under its cross assignments challenges the trial court's ruling that there were improper payments of $3,007.73. This finding is included in the trial court's ruling upon appellee, cross-appellant's *887 third affirmative defense. The court held as follows:
* * * * * *
"3. Summary Judgment is granted in favor of plaintiff, Florida First National Bank at Key West, and against defendant, Fryd Construction Corporation, on defendant's Affirmative Defense Number Three as follows: The Court rules that the plaintiff as assignee acquired the contract rights * * * `subject, however, to all equities and defenses available to the original party in an action brought against him. The assignee, in other words, acquires the rights which his assignor possessed, and stands in his shoes, but acquires no greater rights than his assignor had.'
"The undisputed dollar amounts due from defendant, Fryd Construction Corporation, to the plasterer less the undisputed set-offs for defective work and attorney's fees under paragraph 9(j) are as follows:

 Original contract amount $20,000.00
 Deduction for defective work 3,792.27
 Deduction for defendant's attorney's
 expenses to date under paragraph 9(j) 600.00
 Total amount owed on contract 15,607.73
 Less credit for joint disburse-bursement
 to bank and plasterer 12,600.00
 Net amount of Judgment to be rendered in
 favor of bank 3,007.73

"It is expressly agreed that $2,756.29 was disbursed by the contractor jointly to the plasterer and to materialmen who supplied materials which were delivered to the job site in connection with the performance of the subcontract by the plasterer. (Stipulation of parties paragraph 9).
"The Court expressly rules that the joint payment of these sums to the plasterer and the materialmen is not a proper payment by the defendant contractor in consideration of the assignment and contractor is not entitled to credit against the amount due under the contract in connection with the disbursements."
No error has been demonstrated upon this ruling. This is not to say that the contractor was without remedy and was required to pay the Bank regardless of the claims of materialmen. The contractor's rights to withhold payments upon the subcontract in order to protect the job against liens were set forth in the subcontract. There is no contention that the subcontract gave the contractor the right to pay materialmen directly.
The summary final judgment for the appellee is reversed. The order striking appellant's claim for attorney's fees and costs is reversed. That portion of the court's order of September 4, 1969, holding valid the assignment to the Bank is affirmed. The court's ruling granting summary judgment for the Bank upon appellee's affirmative defense number three is affirmed.
Affirmed in part and reversed in part and remanded for further proceedings upon the stipulation of the parties and such further proceedings as the court shall find necessary to enter a judgment in accordance with this opinion.
Affirmed in part and reversed in part and remanded.

ON REHEARING
PER CURIAM.
The appellee in its petition for rehearing urges first that this court was too broad in its statements in that portion of the opinion reversing the decision of the trial court striking plaintiff, appellant's *888 claim for attorneys' fees. It is urged that although F.S. § 679.9-502, F.S.A. may authorize the secured party to recover his reasonable expenses of collection, it limits the recovery of such expenses to a deduction from the proceeds of the collections. It is stated in the petition:
"In this cause, we concede that any and all amounts due the plasterer should be paid to the Bank and if they wish to surcharge any surplus for attorney's fees incurred, this is a matter between the plasterer and the Bank."
We think that this position is well taken. We agree with the appellee that to hold otherwise would be to hold that the section above referred to gives rise to attorneys' fees in every suit to enforce a secured obligation. Accordingly, the original opinion in this cause is amended to provide that an attorney's fee shall be allowed only to the extent of the amount which the court finds should have been paid to the bank.
Appellee's second point in its petition for rehearing argues that the subcontractor gave the contractor the right to pay materialmen directly. We have examined the brief upon appellee's cross assignments of error and find that there is no mention in the brief or in the stipulation upon which the judgment was entered that there was a provision in the contract authorizing payments directly to materialmen. Where such a provision is present and is called to the court's attention, we would in all probability, hold that payments made directly to a materialman are deductible from the amounts due under the security agreement. In this instance, we must decline to pursue the point further because it is clear that it was not presented to the trial court nor was reference made to it in argument upon the appeal.
Accordingly, the opinion filed in this cause is adhered to except as to that portion reversing the trial court upon the order striking petition for attorney's fees which portion of the opinion is amended to provide that an attorney's fee shall be allowed only to the extent of the amount which the court finds should have been paid to the bank.
NOTES
[1] "AFFIRMATIVE DEFENSE NUMBER TWO  PAYMENT

Assuming but not admitting the validity of the assignment of proceeds alleged, all proceeds of the contract possibly subject to the assignment have been paid to plaintiffs or put into plaintiffs' possession and control."