PER CURIAM.
Defendants appeal from a judgment in favor of the plaintiff for recission of a contract purchase of stock representing a one-third interest in certain business. The complaint, as amended, was in five counts. The first count sought damages for breach of contract. Count II claimed damages for fraud. Count III sought recission on equitable grounds. Counts IV and V sought recission, and recovery from defendants of the sums paid by the plaintiff, under Chapter 517, Florida Statutes (1975), for alleged violation of provisions against sale of unregistered stock (§ 517.07) and for sale of stock by fraud (§ 517.301). Prior to trial plaintiff abandoned the first two counts.
The court did not grant equitable recission as sought in Count III, but granted judgment as sought by the plaintiff on alleged sale in violation of provisions of said Chapter 517.
The facts are sufficiently set out in the judgment, which contained findings of fact and conclusions of law, as follows:
“1. SERVICE PLUMBING COMPANY, INC., (Service Plumbing) is a corporation organized and existing under the laws of the State of Florida, with its. principal place of business in Miami Beach, Dade County, Florida.
“2. Prior to April 30, 1974, Defendants, FRED KRUTEL (Krutel) and STEPHEN D. TAYLOR (Taylor), were the sole shareholders of Service Plumbing.
“3. Early in 1974, Defendant Taylor met with Plaintiff, IRWIN STOLBERG (Stol-berg) with a view to offering Stolberg the opportunity to purchase a stock interest in Service Plumbing.
“a) Early May, 1974, Plaintiff Stol-berg, and Defendants Krutel, Taylor and Service Plumbing executed an Agreement, Addendum to the Agreement and Memorandum Agreement (the Agreements), all effective as of April, 1974.
“b) Pursuant to the foregoing Agreements, Defendants Krutel, Taylor and Service Plumbing sold and delivered the shares of stock of Service Plumbing called for therein and required to be issued or transferred at the time of the execution of the Agreements, consisting of one and two-thirds shares of stock each from Krutel and Taylor and five shares from the treasury stock of Service Plumbing, and at the time of the execution of the Agreements, Stolberg paid Twenty-five Thousand Dollars ($25,000) to Krutel, Twenty-five Thousand Dollars ($25,000) to Taylor and Fifty-Thousand Dollars ($50,000) to Service Plumbing.
“c) In the aforesaid Agreements the Defendants warranted that financial statements attached to the Agreements dated February 28, 1974 (the Financial Statement) were true and correct and reflected all the assets and liabilities of the corporation.
“4. Contrary to the Agreements, the aforesaid Financial Statements were materially incorrect and contained substantial departures from the true assets and liabilities of Service Plumbing, including the concealing by the Defendant, Krutel, of a $14,500 payment to Service Plumbing from Arkin Construction Company in 1973, and its diversion to his personal account without notation in the records of the company of billing for or receipt of the payment, and the subsequent use of the proceeds of the payment in part to reduce on the books of the company Kru-tel’s indebtedness to the company. Such departures violated Section 517.301 Florida Statutes.
*1301 “5. Upon the execution of the Agreements, Plaintiff, Stolberg, became Secretary/Treasurer of the company and originally was one of three signatories authorized to sign checks for the company. Later it was decided that he would sign all checks. He also conferred from time to time on business decisions with Taylor and Krutel. However, his participation under the facts of the case was not to the substantial extent necessary to make available to the Defendants the doctrine of estoppel. Further, the Defendants did not prove the four essential elements to the estoppel defense, namely:
“(1) That the party to be estopped must know the facts;
“(2) that he must intend that his conduct be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended;
“(3) that the latter party must be ignorant of the true facts; and
“(4) that he must rely on the former’s conduct to his injury. See State ex rel. Watson v. Gray, 48 So.2d 84 (Fla.1950); 12 Fla.Jr. Estoppel and Waiver, § 25 and § 30; Hecht v. Upham, 430 F.2d 1202 (9th Cir. 1970).
“6. At the time of the execution of the Agreements, Defendants, Service Plumbing and its agents, stockholders and officers, Krutel and Taylor acting within the course and scope of their authority, represented to Plaintiff, Stolberg, the financial condition of Service Plumbing to be as set forth in the Financial Statements dated February 28, 1974. Said Defendants, Krutel and Taylor thus directly participated in the sale and became jointly and severally liable with Service Plumbing Company to the Plaintiff purchaser under Section 517.21 Florida Statutes. The Plaintiff has tendered the securities sold by Defendants Krutel, Taylor and Service Plumbing, and has elected the remedy of rescission under Section 517.21, Florida Statutes, and the Court finds that the Plaintiff is entitled to invoke such remedy under the facts. The Court finds that the Plaintiff made the following total investment, received the following total benefits, which the Court finds should be set-off from such investment resulting in the amount of $87,175.63, to which Plaintiff is entitled to have returned, plus interest from May 9th, 1974:
Salary received by Stolberg from Service Plumbing $18,200.00
Other benefits received by Plaintiff, including: Loans 2,077.39
Petty Cash 501.50
Car payments 1.045.48
TOTAL BENEFITS (Set-off) 821.824.37
TOTAL INVESTMENT LESS BENEFITS RECEIVED - DIFFERENCE TO WHICH PLAINTIFF IS ENTITLED 887.175.63
“7. The Court finds that pursuant to Section 517.21, Florida Statutes, the Plaintiff is entitled to attorney’s fees in the sum of Fifteen Thousand Dollars ($15,000).”
Based on the foregoing findings and conclusions of law, the court granted the plaintiff judgment against the defendants for the amounts thus found to be recoverable by plaintiff.
We hold the court correctly applied the governing law. We find need to add thereto only by discussion of certain contentions presented by appellants with respect thereto.
Appellants contend that involvement of the plaintiff in the management of the corporate business operated to bar him from the relief he sought under Chapter 517, citing as authority therefor Popper v. Havana Publications, Inc., 122 So.2d 247 (Fla. 3d DCA 1960) and Krasney v. Richter, 211 So.2d 612 (Fla. 3d DCA 1968). We hold the trial court was correct in concluding that the participation of the plaintiff in the business “was not to the substantial extent necessary to render available to the defendants the doctrine of estoppel”. Here the participation of the plaintiff was substantially less than that which appeared in Popper and there was held to operate as estop-pel. Nor do we find merit in the contention of the appellants that plaintiff’s claim to rescind was delayed to such extent as to bar exercise of the remedy. Appellants cited *1302 Bardwell v. Albertson, 120 Fla. 106, 162 So. 321 (1935) and Rood Company, Inc. v. Board of Public Instruction of Dade County, 102 So.2d 139 (Fla.1958) in support of that contention. The trial court concluded, and we agree, that the plaintiff had not so acted as to preclude seeking rescission. The initial discovery (undisclosed personal loan of approximately $9,000.00 made just prior to preparation of financial statement) was passed off as an inadvertent omission from the financial statement, and plaintiff was given requisite credit therefor. A second undisclosed item which surfaced, of approximately $14,500.00, likewise received certain remedial treatment. However, as noted by the trial court, the financial statement submitted to and relied on by plaintiff was “substantially incorrect and contained substantial departures from the true assets and liabilities”. There were additional items that came to light seriatim subsequently. The plaintiff delayed action to obtain an audit to verify the true financial situation. His delay was not unreasonable, and under the circumstances did not amount to acceptance of fraud fully disclosed, or to remaining silent and continuing to treat the property as his own notwithstanding the fraud, such as to bar recovery under the authorities cited. When the totality of the misrepresentations became known and verified, the plaintiff took action without further delay.
We find to be without merit the contention of the defendant-appellant, Stephen B. Taylor, that he should not have been included in the judgment because he was shown to have been unaware of the above-mentioned second misrepresentation involving $14,500.00. That was only one of the numerous incorrect items in the represented assets and liabilities. As a party participating in the sale which is challenged to have been made in violation of provisions of Chapter 517, Florida Statutes (1975), Taylor was included in the liability by the terms of Section 517.21(1) thereof.
No reversible error having been shown, the judgment is affirmed.