■ AETNA CASUALTY AND SURETY COMPANY, Appellant, v BEDFORD-STUYVESANT RESTORATION CONSTRUCTION CORP. et al., Respondents. — Order of the Supreme Court, New York County (Whitman, J.), entered January 5, 1982, which granted defendants' motion to dismiss an action for a balance allegedly due from plaintiff's assignor under a construction subcontract on the grounds of *res judicata,* unanimously reversed, on the law, with costs, and the motion to dismiss is denied. On May 27, 1975, defendant-respondent Restoration-Blitman Construction Co. (Restoration-Blitman) entered into a written subcontract with Alan Michel Plumbing, Inc. (AMPI) in which AMPI agreed to

provide labor and materials for plumbing work on a construction project. The subcontract prohibited the assignment of its proceeds to a third party without the written consent of Restoration-Blitman. On May 2, 1980, AMPI assigned to plaintiff Aetna Casualty and Surety Company (Aetna) all of its rights, title and interest to any moneys or balance due it arising out of the subcontract, and a copy of the assignment was filed with the Kings County Clerk's office. At or about the same time a UCC-1 financing form executed by AMPI, together with a financing statement setting forth Aetna's interest in the subcontract funds, was filed with the Department of State in Albany and with the City Register in Bronx County. On May 13, 1980, Aetna's counsel mailed a copy of the assignment to Restoration-Blitman. By letter dated August 4, 1980 Restoration-Blitman acknowledged receipt of the assignment, and stated that the assignment was not acceptable to it inasmuch as AMPI owed it considerable funds on various projects due to its failure to complete its work, including the one which was assigned. On August 19, 1980, Restoration-Blitman commenced an action against AMPI alone, which resulted in a default judgment against AMPI in the sum of $1,682,185. In May, 1981, Aetna, the assignee, instituted this action against Restoration-Blitman, and other defendants who are members of a joint venture, to recover an alleged balance due its assignor. Restoration-Blitman moved to dismiss the complaint on the grounds that (1) the action was barred under CPLR 3211 (subd [a], par 5) on the basis of *res judicata* or collateral estoppel and (2) on the separate ground, relying on CPLR 3211 (subd [a], pars 1, 3), that Aetna lacked legal capacity to sue based on documentary evidence, to wit, the allegedly defective assignment. Special Term granted the motion on the ground the action was barred by *res judicata*, but also observed that the assignment itself was valid, citing subdivision (4) of section 9-318 of the Uniform Commercial Code. We disagree with that aspect of Special Term's determination that dismissed the action on the ground that the previous default judgment entered against AMPI was *res judicata* with regard to the instant action. Preliminarily we note that the provision of the subcontract purporting to prohibit without written consent the assignment by AMPI of any proceeds or interest to the subcontract is legally ineffective. Subdivision (4) of section 9-318 of the Uniform Commercial Code provides: "(4) A term in any contract between an account debtor and an assignor is ineffective if it prohibits assignment of an account or prohibits creation of a security interest in a general intangible for money due or to become due or requires the account debtor's consent to such assignment or security interest." The authoritative Official Comment to that section stated: "Subsection (4) breaks sharply with the older contract doctrines by denying effectiveness to contractual terms prohibiting assignment of accounts and contract rights — that is, sums due and to become due under contracts of sale, construction contracts and the like. Under the rule as stated an assignment would be effective even if made to an assignee who took with full knowledge that the account debtor had sought to prohibit or restrict assignment of the account or the money to be earned under the contract." The principal authority relied upon by Restoration-Blitman on this issue, *Schenectady Steel Co. v Timpoli Gen. Constr. Co.* (43 AD2d 234), was concerned with an issue arising under article 2 of the Uniform Commercial Code, the scope of which is limited to sales transactions. The scope of article 9 of the Uniform Commercial Code, which is entitled "SECURED TRANSACTIONS: SALES OF ACCOUNTS, CONTRACT RIGHTS AND CHATTEL PAPER" is clearly not so circumscribed (see Uniform Commercial Code, § 9-102). As to Special Term's finding that the previous default judgment entered against AMPI is *res judicata* with regard to this action, the decision of the Court of Appeals in *Gramatan Home Investors Corp. v Lopez* (46 NY2d 481) is decisively to the

contrary, as Restoration-Blitman indeed acknowledges. In *Gramatan* the Court of Appeals squarely held (at p 487): "[A]n assignee is not privy to a judgment where the succession to the rights affected thereby has taken place prior to the institution of the suit against the assignor" (citations omitted). Concur — Sandler, J. P., Sullivan, Markewich and Milonas, JJ.