424 So.2d 944 (1983)
Richard F. JONES, Appellant,
v.
HIGHWAY INN, INC., a Florida Corporation; and Adam Henry Jones, Jr., Kenrick A. Jones, and Kathleen M. Jones, Each Individually and As a Beneficiary under Land Trust Agreement, Appellees.
No. AG-353.
District Court of Appeal of Florida, First District.
January 7, 1983.
Stevan T. Northcutt, Levine, Freedman, Hirsch & Levinson, Tampa, for appellant.
Robert L. Hinkle, Hinkle & Battaglia, Tallahassee, for appellees.
LARRY G. SMITH, Judge.
Appellant, a minority shareholder in the corporation, Highway Inn, Inc., appeals a final summary judgment entered in favor of the corporation on his complaint which sought dissolution of the corporation under Section 607.274(1)(a)3., Florida Statutes (1979), and a declaration that a sale of the corporate assets was invalid. We affirm.
*945 Highway Inn, Inc., is a Florida corporation whose shares are owned by appellant Richard F. Jones (30%), Adam H. Jones (30%), Kenrick A. Jones (30%) and Kathleen M. Jones (10%). The corporation's principle asset was a long term leasehold interest in the Parkway Holiday Inn in Tallahassee. In the late 1970's, negotiations began to sell this property along with other property owned by the Joneses. An offer was subsequently received which was acceptable to all of the Joneses except appellant. On November 6, 1980, Highway Inn, Inc., gave formal notice[1] of a shareholders meeting scheduled for November 17, 1980. At the meeting, which appellant attended, the shareholders voted 70% in favor of the proposed sale, and 30% (appellant's shares) against.
Appellant did not file an election of his dissenter's rights under Section 607.247, Florida Statutes (1979).[2] Instead, he filed *946 suit seeking a dissolution of the corporation under Section 607.274(1)(a)3.,[3] and a declaration that a sale of the assets was invalid because the notice of proposed sale did not contain a fair summary of the transaction and was therefore fatally defective under Section 607.241(2), Florida Statutes (1979).[4] Four days later, the closing occurred. Since then, the parties have proceeded under the terms of the sale. Notably, appellant has received several disbursements from the sale which he has not tendered back.
Highway Inn, Inc. sought summary judgment on the grounds that appellant, as a minority shareholder who failed to invoke his exclusive remedy of exercising his right to be paid in cash the full value of his shares, was "bound by the terms of the proposed corporation action," Section 607.247(3), Florida Statutes (1979), and that by accepting and negotiating the proceeds of the sale, obtaining a court order requiring the corporation to disburse the proceeds of the sale, and failing to tender back the proceeds he had received, appellant had waived any right he might have had to challenge the finality of the transaction. The trial court granted summary judgment for Highway Inn, Inc.
First, appellant contends that the Notice of Special Meeting (see footnote 1) does not fairly summarize the material features of the proposed sale. Next, he argues that since this notice is inextricably linked to his rights and obligations under Section 607.247, and it was defective, he was unable to make an intelligent decision whether or not to dissent to the sale under Section 607.247. Thus, he concludes he should not be limited to his remedy under Section 607.247 and should be allowed to bring this action under Section 607.274(1)(a)3.
Appellant's argument is faulty in several respects. Initially, we observe that appellant attended and fully participated in the November 17th shareholders' meeting without objection to the form or contents of the notice.[5] We interpolate, furthermore, that appellant cannot claim "surprise" in any respect. He had sought and been represented by counsel in connection with the proposed sale for three months prior to the meeting, and had access to information and draft contracts concerning the transaction during that period. More importantly, we find that the notice adequately explains the contemplated sale. Appellant's argument, belated as it is, that more information should have been contained in the notice, is unavailing.
Further, it is our view that Section 607.247 provides to a minority shareholder, who opposes the sale of corporate assets, an exclusive remedy. Accordingly, a minority shareholder who does not elect, within ten days from the date of the vote of sale, his "dissenter's right" to be paid in cash the full value of his shares, is "bound by the *947 terms of the proposed corporation action" and may not thereafter challenge the sale. Florida's Corporation Law does not contemplate that a minority shareholder, who was properly noticed about the proposed sale of corporate assets, may forego his dissenter's remedy under Section 607.247 and instead bring an action under Section 607.274(1)(a)3.[6]
In view of our affirmance of the final summary judgment on the grounds that appellant failed to utilize his exclusive remedy under Section 607.247, we find it unnecessary to further elaborate on Highway Inn, Inc.'s contention that appellant waived his right to challenge the sale by his acceptance and retention of benefits from the transaction which he failed to tender back.
The final summary judgment is AFFIRMED.
SHAW and JOANOS, JJ., concur.
NOTES
[1] This notice, signed by the Secretary of Highway Inn, Inc., provides as follows:

NOTICE OF SPECIAL MEETING OF SHAREHOLDERS OF HIGHWAY INN, INC.
On call of the President, notice is hereby given that a special meeting of the shareholders of Highway Inn, Inc. will be held at 10:00 A.M., Monday, November 17, 1980 at Suite 15, 950 Francis Place, Clayton, Missouri, for the following purposes:
1. For the purpose of considering the advisability of desolving the corporation, and specifically for consideration of adoption of a plan of complete liquidation to be completed within a period of twelve (12) months after adoption of the plan to comply with all requirements of Section 337 of the Internal Revenue Code of the United States;
2. For the purpose of considering a proposed sale, pursuant to the proposed plan of complete liquidation, of all tangible assets of the corporation comprising the Holiday Inn  Parkway in Tallahassee, Florida, including all real property, personal property, and inventory, for $3,500,000.00, subject to normal adjustments as of the closing date, to Inn of Lake City, Inc., a Florida corporation, to be paid by assumption by Buyer of the obligation to pay the existing first mortgage on the property (to be reduced by the corporation to $1,000,000.00 as of closing and restructured to provide full payment in installments within three (3) years after closing), and by execution and delivery of a note of Buyer, secured by second mortgage on the property, for $2,500,000.00, payable with interest at the rate of 10 1/4% per annum from date in equal monthly installments of principal and interest according to a 26-year full amortization table, with the entire remaining balance of principal and interest payable as a balloon payment 17 years after closing, with no prepayment right for 10 years and with full prepayment right in whole or in part thereafter. If the sale is effected, shareholders dissenting therefrom are entitled, under Florida law, if they file a written objection to such transaction before the vote of the shareholders is taken thereon and comply with the further provisions of the Florida General Corporation Act (Chapter 607, Florida Statutes, 1979) regarding the rights of dissenting shareholders, to be paid the fair value of their shares;
3. For the purpose of transacting such other business as may properly come before the meeting.
This notice is given this 6th day of November, 1980 to each shareholder of record pursuant to and in accordance with the bylaws of the corporation and the Florida General Corporation Act.
[2] The pertinent provisions of Section 607.247, are as follows:

607.247 Rights of dissenting shareholders.  (1) Any shareholder electing to exercise a right of dissent shall file with the corporation, prior to the taking of the vote of shareholders on the proposed corporate action, a written objection to such proposed corporate action. If such proposed corporate action be approved by the required vote and such shareholder shall not have voted in favor thereof, such shareholder may, within 10 days after the date on which the vote was taken, make written demand on the corporation or, in the case of a merger or consolidation, on the surviving or new corporation, domestic or foreign, for payment of the fair value of such shareholder's shares.
* * * * * *
(3) If such proposed corporate action is effected, such corporation shall pay to such shareholder, upon surrender of the certificate or certificates representing such shares, the fair value thereof as of the date prior to the date on which the vote was effected approving the proposed corporate action by the shareholders of the corporation in which the dissenting shareholder owns shares or, in the case of a merger pursuant to s. 607.227, as of the day prior to the date on which a copy of the plan of merger was mailed to each shareholder of record of the subsidiary corporation. In any case, the fair value of shares shall be computed by excluding any appreciation or depreciation in anticipation of such corporation action. Any shareholder failing to make demand within the applicable 10-day or 15-day period shall be bound by the terms of the proposed corporation action. Any shareholder making such demand shall thereafter be entitled only to payment as provided in this section and shall not be entitled to vote or to exercise any other rights of a shareholder ... (emphasis supplied).
[3] Section 607.274(1)(a)3., Florida Statutes (1979) provides for action by a shareholder in the circuit court for liquidation when it is established that the corporate assets are being misapplied or wasted.
[4] Section 607.241(2) provides:

(2) Written notice shall be given to each shareholder of record, whether or not entitled to vote at such meeting, in the manner provided in this chapter for the giving of notice of meetings of shareholders and, whether the meeting be an annual or a special meeting, shall state that the purpose, or one of the purposes, is to consider the proposed sale, lease, exchange, or other disposition. The notice shall fairly summarize the material features of the proposed transaction and shall contain a clear and concise statement that, if the sale, lease, exchange, or other disposition is effected, shareholders dissenting therefrom are entitled, if they file a written objection to such transaction before the vote of the shareholders is taken thereon and comply with the further provisions of this chapter regarding the rights of dissenting shareholders, to be paid the fair value of their shares. (emphasis supplied)
[5] As to waiver of any deficiency in notice, where a stockholder, even though objecting to the notice, nevertheless takes part in the transaction of business at the meeting, see Annotation, "Shareholders Meeting  Notice Requirement," 64 A.L.R.3d 358, § 3[b].
[6] Our interpretation and application of the statute, under the facts of this case, is grounded firmly upon the principle, from the law of rescission and cancellation, that a party should have "but one fair opportunity, after full knowledge of his rights," to either accede to the contract and take the benefits, or disavow it and demand redress by available alternative means; he cannot pursue both courses. Bardwell v. Albertson, 120 Fla. 106, 162 So. 321, 322 (1935), citing and quoting from Hendricks v. Stark, 99 Fla. 277, 126 So. 293, 296.