462 So.2d 862 (1985)
Arnold M. WEINBERG, Appellant,
v.
George D. PENNINGTON, a/K/a Don Pennington, Rita Pennington and Charles V. Graul, Appellees.
No. 84-935.
District Court of Appeal of Florida, Third District.
January 29, 1985.
Hoffman & Hertzig and Carl Hoffman, Coral Gables, for appellant.
Perlman & Perlow and Mark Perlman, Hallandale, for appellees.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
*863 SCHWARTZ, Chief Judge.
In 1980, Weinberg paid $10,000 for 150 shares of Associated Industries, Inc., a newly formed corporation engaged in the meatpacking business in Honduras. When the company perhaps predictably went (pork) belly up, Weinberg sued the corporation and three of its principals, the present appellees, for rescission of the transaction and other attendant relief. § 517.211, Fla. Stat. (1981). The action was based on theories of common law fraud, fraudulent sale of securities contrary to § 517.301, Fla. Stat. (1981), and the sale of unregistered securities in violation of § 517.07, Fla. Stat. (1981). After a paper default judgment was entered against the defunct corporation for its failure to make discovery, the cause proceeded to a non-jury trial against the individual defendants. The trial court found that no fraud of any variety had been established and that the transaction in question was exempted from the registration requirement pursuant to § 517.061(12)(a), Fla. Stat. (1981).[1] Judgment was consequently entered for the defendants and Weinberg appeals.
While the evidence supports and we thus may not disturb the trial court's findings against the plaintiff as to fraud, Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982), we find otherwise on the unregistered securities count. The exemption contained in § 517.061(12)(a) applies only if all five specified statutory conditions are established, an issue upon which the parties relying upon the exemption, the appellees, bear the burden of proof. § 517.171, Fla. Stat. (1981); State v. Buchman, 361 So.2d 692 (Fla. 1978). In this case, it affirmatively appears without contradiction that the transaction did not conform with condition 3,[2] which requires that
[p]rior to the sale, each purchaser or his representative, if any, [be] provided with, or given reasonable access to, full and fair disclosure of all material information.
Specifically, among other things, Weinberg was neither told of the existence of a highly unfavorable report by the Price, Waterhouse accounting firm concerning the corporation's financial status, nor given equivalent information, or means of access to it, about that vital issue. Cf. Thiele v. Davidson, 440 F. Supp. 585 (M.D.Fla. 1977), aff'd, 612 F.2d 578 (5th Cir.1980); Krutel v. Stolberg, 356 So.2d 1299 (Fla. 3d DCA 1978). This failure alone establishes the unavailability of the exemption applied below.
The basis of the lower court's decision rendered it unnecessary for it to consider whether any or all of the present appellees were individually liable under *864 § 517.211(2), Fla. Stat. (1981).[3] We find, as we did in Artistic Door Corp. v. Rheney, 384 So.2d 179, 182 (Fla. 3d DCA 1980), pet. for review denied, 392 So.2d 1371 (Fla. 1980), that the activities of George Pennington, the primary actor in the sale to Weinberg, were such as to render him liable as a matter of law. The liability, if any, of Rita Pennington and Charles V. Graul, is, however, subject to the resolution of disputed questions of fact and may therefore be determined only after trial by the lower court.
For these reasons, the judgment under review is reversed and the cause remanded for the entry of an appropriate judgment for Weinberg against George Pennington and for trial on the issue of the individual liability of Rita Pennington and Charles V. Graul.
Reversed and remanded.
NOTES
[1] The registration provisions of s. 517.07 do not apply to any of the following transactions:

* * * * * *
(12)(a) The offer or sale, by or on behalf of an issuer, of its own securities, which offer or sale is part of an offering made in accordance with all of the following conditions:
1. There are no more than 35 purchasers, or the issuer reasonably believes that there are no more than 35 purchasers, of the securities of the issuer in this state during an offering made in reliance upon this subsection or, if such offering continues for a period in excess of 12 months, in any consecutive 12-month period.
2. Neither the issuer nor any person acting on behalf of the issuer offers or sells securities pursuant to this subsection by means of any form of general solicitation or general advertising in this state.
3. Prior to the sale, each purchaser or his representative, if any, is provided with, or given reasonable access to, full and fair disclosure of all material information.
4. No person defined as a dealer in this chapter is paid a commission or compensation for the sale of the issuer's securities unless such person is registered as a dealer under this chapter.
5. When sales are made to five or more persons in this state, any sale in this state made pursuant to this subsection shall be voidable by the purchaser in such sale either within 3 days after the first tender of consideration is made by such purchaser to the issuer, an agent of the issuer, or an escrow agent or within 3 days after the availability of that privilege is communicated to such purchaser, whichever occurs later.
[2] We need not decide whether, as the appellant claims, the defendants failed in their burden to establish any other conditions to (12)(a).
[3] Any person purchasing or selling a security in violation of s. 517.301, and every director, officer, partner, or agent of or for the purchaser or seller, if the director, officer, partner, or agent has personally participated or aided in making the sale or purchase, shall be jointly and severally liable to the person selling the security to or purchasing the security from such person in an action for rescission, if the plaintiff still owns the security, or for damages, if the plaintiff has sold the security.