505 So.2d 511 (1987)
CITY OF NORTH MIAMI, a Political Subdivision of the State of Florida, Appellant,
v.
AMERICAN FIDELITY FIRE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 86-1394.
District Court of Appeal of Florida, Third District.
March 24, 1987.
Rehearing Denied May 7, 1987.
*512 Simon, Schindler, Hurst & Sandberg and Thomas M. Pflaum, Miami, for appellant.
Judith Kazer Lamet and David L. Swimmer, Miami, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the defendant City of North Miami from a final judgment requiring it to pay sums allegedly due under an assignment held by the plaintiff American Fidelity Fire Insurance Company as assignee. We reverse for entry of a final judgment in favor of the defendant City of North Miami based on the following, briefly stated legal analysis.
First, we assume, without deciding, that the assignment herein made by R.J.L. Trading Company to Seitlin and Company was a valid one  notwithstanding the fact that the contract between R.J.L. Trading Company and the City of North Miami prohibited any assignment without the consent of the City of North Miami, which we find the latter justifiably refused  on the theory that (a) Article 9 of Florida's Uniform Commercial Code [§ 679.102(1)(a), Fla. Stat. (1985)] governs this assignment as it creates a security interest therein, and (b) the above contract provision prohibiting the said assignment was, therefore, ineffective under Section 679.318(4), Florida Statutes (1985). Florida First Nat'l Bank at Key West v. Fryd Constr. Corp., 245 So.2d 883, 886 (Fla. 3d DCA 1971); Mississippi Bank v. Nickles & Wells Constr. Co., 421 So.2d 1056 (Miss. 1982); Aetna Casualty & Surety Co. v. Bedford-Stuyvesant Restoration Constr. Corp., 90 A.D.2d 474, 455 N.Y.S.2d 265 (1982); American Bank of Commerce v. City of McAlester, 555 P.2d 581 (Okla. 1976).
Second, the defendant City of North Miami was never notified to pay the assignee under the above security interest assignment as required by Section 679.318(3) of Florida's Uniform Commercial Code and was therefore privileged to pay, as it did, its creditor R.J.L. Trading Company, the assignor under the assignment. We reject the argument that the assignment itself, which was given to the City of North Miami, constitutes sufficient notice to pay the above assignee, as there is nothing in the assignment which requests the City of North Miami to pay the said assignee. Estate of Haas v. Metro-Goldwyn-Mayer, Inc., 617 F.2d 1136 (5th Cir.1980); Vacura v. Haar's Equip., Inc., 364 N.W.2d 387 (Minn. 1985); First Nat'l Bank at E. St. Louis v. Board of Educ., School Dist. No. 189, 68 Ill. App.3d 21, 24 Ill.Dec. 670, 385 N.E.2d 811 (App.Ct. 1979); American Bank of Commerce v. City of McAlester, 555 P.2d 581 (Okla. 1976).
Third, this being so, it is plain that the defendant City of North Miami is not indebted under the subject assignment to the present holder of same as assignee  namely, American Fidelity Fire Insurance Company  and therefore the final judgment in favor of the latter on the said assignment was erroneously entered below.
The final judgment under review is, therefore, reversed and the cause is remanded to the trial court with directions to *513 enter judgment in favor of the defendant City of North Miami.
Reversed and remanded.